136 So.2d 25 (1962)
Artis BANKS, Appellant,
v.
STATE of Florida, Appellee.
No. C-428.
District Court of Appeal of Florida. First District.
January 9, 1962.
Green & Huff, Palatka, for appellant.
Richard W. Ervin, Atty. Gen., and Joe L. McClung, Asst. Atty. Gen., for appellee.
WIGGINTON, Judge.
This appeal is from a final judgment and sentence imposed on appellant upon his plea of guilty to the charge of aggravated assault. On arraignment defendant entered a plea of not guilty to the information charging him with assault with intent to commit murder. After the jury was empaneled and sworn, a short recess was taken by the court. During this interval appellant's attorney conferred with the Assistant State Attorney as a result of which appellant's plea of not guilty was withdrawn and a plea of guilty to a charge of aggravated assault was entered. Upon reconvening of court defendant's plea was accepted, and a companion case charging him with a similar offense against a different person was nolle prossed. Appellant was adjudged guilty and sentenced to a term of imprisonment in the state penitentiary. It is from this judgment that appeal is taken.
Within three days after judgment and imposition of sentence defendant filed in the cause a motion which prays for an order setting aside the judgment and sentence, permitting him to withdraw his plea of guilty and reinstate his plea of not guilty to the information filed against him. The motion recites facts purporting to show that he withdrew his plea of not guilty and entered a plea of guilty to aggravated assault because of an honest misunderstanding between his attorney and the Assistant State Attorney growing out of the brief conference they had during the recess of the court. The motion states that appellant has a meritorious defense to the charge against him and desires to be tried on his plea of not guilty.
The testimony taken before the court in support of and in opposition to the motion reveals the following situation. The occurrence out of which the charge of assault with intent to commit murder arose *26 was a marital difficulty between appellant, his wife and another man. Appellant's attorney testified that in his conference with the Assistant State Attorney during the recess of the court, the latter offered to accept a plea of guilty to aggravated assault in return for which the companion case then pending against defendant would be nolle prossed. Appellant's counsel understood the Assistant State Attorney to say that he had had a conference with the trial judge regarding the case, and the judge had stated he would accept defendant's plead of guilty to aggravated assault, would order a presentence investigation and that if such investigation revealed that the charge then pending grew out of a marital dispute between the appellant and his wife, and further showed that appellant had no previous record of violence, that defendant would be placed on probation and not sentenced to serve a term in prison. Appellant's attorney admitted that he had conferred with the probation officer some one week prior to trial date and was told by the officer that he would recommend against probation for the reason that appellant did not work regularly and was addicted to gambling. Despite this, appellant's attorney was of the opinion that the probation officer's recommendation would have no bearing on the court's right to place appellant on probation. The attorney further testified that he knew of his own knowledge that the charge against appellant did arise out of a marital difficulty between him and his wife, and that appellant had no previous record of violence. It was not until these assurances were given him by the Assistant State Attorney that appellant's counsel agreed for appellant to withdraw his plea of not guilty and enter a plea of guilty to aggravated assault. The attorney testified that he would never have consented to this arrangement had there been any doubt in his mind that following appellant's plea of guilty, he would be placed on probation and not sentenced to serve a term in prison.
The Assistant State Attorney also testified at the hearing and his recollection of the agreement was consistent with the understanding of appellant's counsel except in one or two material respects. It was his recollection that during the conference he explained that he had no definite commitment from the trial judge with respect to the ultimate disposition which would be made of the case, but it was his understanding that if appellant pleaded guilty to aggravated assault, the court would accept such plea and order a presentence investigation. He testified that he further explained to appellant's counsel that the trial judge had intimated that if the investigation revealed the charge against appellant arose out of a marital difficulty, and that appellant's record was sufficient to stand the scrutiny of the probation officer, that the trial judge would be inclined to place appellant on probation rather than sentence him to serve a term in prison. The Assistant State Attorney denied having given any assurance of probation in the event the investigation showed that defendant had no previous record of violence, as was understood by appellant's counsel. A report of the presentence investigation was before the court but was not placed in the record because of its confidential nature.
At the conclusion of the hearing the trial court denied appellant's motion to set aside the judgment and reinstate his plea of not guilty. It is contended on this appeal that the court's action in denying the motion constituted an abuse of discretion and should be reversed as erroneous.
From a careful examination of the testimony offered by the Assistant State Attorney and counsel for appellant, it is clearly apparent that appellant was persuaded to and did in fact withdraw his plea of not guilty to the charge against him, and entered his plea of guilty to aggravated assault entirely as a result of an honest mistake, misunderstanding or *27 misapprehension which occurred between his counsel and the Assistant State Attorney. From the evidence it appears without any serious question that appellant would not have changed his plea of not guilty to that of guilty except for the understanding of his attorney, erroneously as it may have been, that under the circumstances in the case defendant would be placed on probation and not sentenced to serve a term of imprisonment. The record does not reveal the slightest indication of trickery, fraud or overreaching on the part of either of the attorneys in the case. It is equally clear that the trial judge made no previous commitment as to what disposition he would ultimately make of the case prior to the time sentence was imposed.
It has long been the established law of this state that although a motion to withdraw a plea of guilty for the purpose of pleading not guilty is addressed to the sound discretion of the trial court, the exercise of such discretion is always subject to appellate review. Furthermore, the law has always favored the policy of permitting a defendant to withdraw a plea of guilty given unadvisedly, when application therefor is duly made in good faith and sustained by proofs, and a proper offer is made to go to trial on a plea of not guilty. The law normally favors trial on the merits, and if the discretion of the trial court is abused in denying leave to withdraw a plea of guilty and going to trial on the merits, the appellate court may interfere.[1]
In Canada v. State[2] appellant mistakenly entered a plea of guilty to an information charging him with a serious criminal offense. A timely motion to withdraw this plea and substitute a plea of not guilty was denied by the trial court. In reversing the judgment of conviction and ordering that the motion be granted, the Supreme Court quoted with approval the following principle controlling questions of this kind: "The withdrawal of the plea of guilty should not be denied in any case where it is in the least evident that the ends of justice will be subserved by permitting not guilty to be pleaded in its place. Therefore, the court ordinarily will permit a plea of guilty to be withdrawn if it fairly appears that defendant was in ignorance of his rights and of the consequences of his act, or was influenced unduly and improperly either by hope or by fear in the making of it, or if it appears that the plea was entered under some mistake or misapprehension."
In Ward defendant entered a plea of guilty to an information charging him with a criminal offense in reliance upon the representations of an officer that by so pleading he would be fined rather than imprisoned for the offense. After judgment and sentence of imprisonment defendant moved to vacate the judgment, be permitted to withdraw his plea of guilty and go to trial on a plea of not guilty. After denial of such motion, the judgment was appealed to the Supreme Court. In its opinion of reversal it was held that the plea of guilty was procured by promises of an officer, which promises were relied on by the accused, and therefore the plea was not freely and voluntarily entered. It was concluded that the trial judge abused his judicial discretion in denying defendant's motion.[3]
In Crosby the defendant entered a plea of guilty to the charge of attempted robbery upon assurances given him by his attorney that the county solicitor's office had represented that if such plea was entered, he would be placed on probation and not imprisoned. Prior to the imposition of sentence defendant filed a motion *28 to disqualify the trial judge on the ground of prejudice, and for an order permitting him to withdraw his plea of guilty and substitute for it a plea of not guilty. Upon denial of such motion defendant was adjudged guilty and sentenced to imprisonment in the state prison. On appeal the judgment was reversed upon the ground that the judge erred in not disqualifying himself from further participation in the case, and for the further reason that he abused his discretion in not permitting defendant to withdraw his plea of guilty and go to trial on a plea of not guilty.[4]
There is nothing in the record before us to indicate that appellant, acting on his own volition, elected to plead guilty to the charge of aggravated assault on the bare hope that the court would be lenient by placing him on probation rather than imprisoning him, but upon being dissatisfied with the sentence imposed now seeks to take his chances on a jury trial as was true in the Collins case.[5] Nor do we have the situation where an educated and informed defendant voluntarily pleads guilty to an information charging him with a criminal offense, but before sentence changes his mind and seeks to withdraw his plea and substitute a plea of not guilty on the tenuous ground that he entered his plea unadvisedly without advice of counsel, and misunderstood the legal consequences thereof, as was true in the Stratton case.[6]
We are convinced from the testimony adduced before the trial court that the judgment appealed resulted from an honest misunderstanding between two officers of the court whose integrity, high motives and good intentions are unimpeached. For such misunderstanding the defendant should not be made to suffer. We are of the view that the ends of justice will best be served by according defendant a fair and impartial trial on the merits of the charge placed against him. The judgment appealed is accordingly reversed and the cause remanded with directions that defendant's motion be granted, and that a plea of not guilty to the information be substituted for the plea of guilty which he entered to the charge of aggravated assault.
Reversed and remanded.
CARROLL, DONALD K., C.J., and STURGIS, J., concur.
NOTES
[1] Eckles v. State, 132 Fla. 526, 180 So. 764; Casey v. State, 116 Fla. 3, 156 So. 282.
[2] Canada v. State, 144 Fla. 633, 198 So. 220, 223.
[3] Ward v. State, 1945, 156 Fla. 185, 22 So.2d 887.
[4] Crosby v. State, Fla. 1957, 97 So.2d 181.
[5] Collins v. State, Fla. 1955, 83 So.2d 6.
[6] Stratton v. State, Fla. 1955, 77 So.2d 864.