WALDEN, Judge.
This is a consolidated appeal from a conviction of illegal possession of marijuana and an order denying a motion to set aside judgment to permit the defendant to change his plea from guilty to not guilty. We affirm.
Initially, defendant, a college student, plead not guilty. Shortly thereafter the prosecutor wrote defense counsel, saying:
“Dear Mr. DeStefano:

“In order to more clearly state our position, please note the following:
“1. If the defendant, Clifford Harry Brown, enters a plea of guilty, we will thereupon recommend to the Court that a pre-sentence investigation be ordered by the Court to investigate the defendant’s background and confirm his previous good character. Furthermore, we will recommend that during the period of time necessary to complete the pre-sentence investigation, that the Court withhold adjudication of guilt. The value of this to your client will be that if his pre-sentence investigation results in a decision by the Judge to put him on probation, then it is still possible at that point to continue the withheld adjudication of guilt and consequently avoid burdening your client with a criminal record.
“2. We are unable to stipulate to the matters contained in your submitted Stipulation draft because in order to do so our office would have to conduct on our own initiative what amounts to a pre-sentence investigation by verifying and confirming each of the matters contained in the submitted Stipulation. Of course, we are not in a position to do that, the only agreement we can reach is that we will recommend to the Court that a pre-sentence investigation be ordered and that adjudication of guilt be withheld during that time.
“It is important that you and your client understand that the Court is not bound by the agreed upon recommendation in any way.”
After receiving this letter, both the defense counsel and the prosecutor appeared before the trial judge to sound out his feelings to such a procedure. The judge indicated that, if the facts of the case were those related by both attorneys, he would be inclined to place the defendant on probation and would consider a permanent withholding of guilt. Based upon these representations, defendant changed his plea to guilty.
In a hearing on March 29, 1968, the prosecutor made recommendations in accordance with his letter and the defendant entered his plea of guilty. The following exchange between the judge and the defendant should be noted:
“THE COURT: Has anybody threatened you or coerced you in any way to get you to make this plea ?
“MR. BROWN: No.
“THE COURT: Anybody promise you anything other than the recommendations that the Solicitor said he would make and has made ?
“MR. BROWN: No.
*163 “THE COURT: Has anybody told you what they think the Court is going to do or made any promise to you that they know what the Court is going to do?
“MR. BROWN: I have not been made any promises.
“THE COURT: All right, has the State made any — has the State made to the Court the recommendations, all the recommendations that they indicated they would, to you? In other words, they have made the recommendations that the Court withhold adjudication of guilt and that they request that a P.S.I., Pre-sen-tence Investigation, be made before the final disposition of this case. They have made that.
“MR. BROWN: Yes, sir.
“THE COURT: Do you understand that the Court does not have to follow that?
“MR. BROWN: Yes, sir.” (Emphasis supplied.)
Subsequently in the same hearing, the judge explained his concern as to the kind of possession involved, i. e. whether it was a very small amount, or whether it was a large amount meant to be sold to others. One of the investigating officers was called who testified that an informer had advised him that someone named Cliffy was bringing marijuana to the party where the defendant was arrested, that the defendant did sell a marijuana cigarette to an informant, and that two one-ounce packets were found in the defendant’s possession, one being empty and the other containing ounce of marijuana. Despite this evidence, the trial judge withheld determination of guilt pending the completion of the pre-sentencing investigation.
On May 28, the defendant was sentenced to three years imprisonment. The following is extracted from the hearing of May 28, to show the reasons for the judge’s decision :
“Now, the information that I have here is that on the night in question you came up from Miami in a car and had at least two pounds of this stuff in it. Whether this was all yours or not I don’t know, and that — no excuse me, not two pounds, two pouches, two pouches and a package of cigarettes.
“Now, I don’t know how many cigarettes could have been made, but my information is that it would have made enough that you could have distributed it around to several individuals there, ten, twelve, or thirteen other people.
“You see, after you entered this plea of guilty I made it my business to talk to the agents that made the case and just get what information I could, because I didn’t want to be sitting up here talking about it and not know about what I was talking; so I made it my business to find out.
“And while I’m in full accord with everything Mr. DeStefano has said about probation, I just can’t agree with him that it fits this case; so I can’t agree that, this is the type of case in which probation should be imposed, even on a first offense.”
In summary, the judge was not bound to grant probation and the defendant knew this. When it came to the attention of the judge that the defendant had brought the marijuana to the party in quantities larger than he would require for his own use, and did sell at least one cigarette, the defendant’s possession was of a more serious nature indicating he was a “pusher” and not a mere user. Armed with this additional evidence, which was not available to the judge when he expressed his general views as to the handling of narcotic violations, the imposition of the three-year sentence and the refusal of defendant’s motions does not seem unreasonable.
Where an accused pleads guilty hoping for a favorable sentence, he cannot *164 thereafter withdraw his guilty plea simply because the sentence did not conform to what he and his counsel hoped it might be. Manning v. State, Fla.App.1967, 203 So.2d 360; Baker v. State, Fla.App. 1966, 188 So.2d 346; Pitts v. State, Fla.App. 1966, 181 So.2d 739; Manning v. State, Fla. App.1965, 176 So.2d 380.
Here was a defendant with a college cal-ibre intelligence and attended by private counsel. The record does not reveal any promise or agreement by the court and no promise or agreement by the prosecutor other than that of the recommendation which was fulfilled. To the contrary it affirmatively appears that defendant and his counsel were specifically cautioned by the prosecutor that the court was not bound by the prosecutor’s recommendation. Further, the defendant specifically disclaimed in open court that he had been given any promises and acknowledged his understanding that the court was not bound by the prosecutor’s recommendation. Surely every defendant who pleads guilty hopes that the court will be lenient and that his sentence will be less than what he might have expected had he gone to trial. However, the disappointment of such hopes should not be entertained as a basis for disallowing the guilty plea. To do so under these circumstances is to approach, if not reach, the stage where the accused can have a free pre-trial audit of his actual sentence based upon a guilty plea and thereupon decide whether to go to trial.
We see no basis for disturbing the trial court’s decision and thus the order and judgment appealed are
Affirmed.
REED, J., concurs.
OWEN, J., dissents, with opinion.