245 So.2d 41 (1971)
Clifford Harry BROWN, Petitioner,
v.
STATE of Florida, Respondent.
No. 39671.
Supreme Court of Florida.
February 10, 1971.
*42 Richard M. Gale, Miami, Rocco DeStefano, Hollywood, and Anthony Capodilupo, Miami, for petitioner.
Robert L. Shevin, Atty. Gen., and Charles W. Musgrove, Asst. Atty. Gen., for respondent.
BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Fourth District, reported at 234 So.2d 161. The decision sought to be reviewed conflicts with Banks v. State, 136 So.2d 25 (Fla.App. 1st 1962), giving this Court jurisdiction of the cause under the provisions of § 4, Article V of the Florida Constitution, F.S.A.
Petitioner, a twenty-year old college student, was convicted on a plea of guilty to illegal possession of marijuana. After a presentence investigation, during which the trial judge learned that petitioner had brought marijuana to the party in quantities larger than he would require for his own use and that he did sell at least one marijuana cigarette, the trial judge sentenced him to 3 years in prison. Thereafter, petitioner filed a motion to set aside the judgment to permit him to change his plea from "guilty" to "not guilty."
A hearing was held on petitioner's motion to set aside his plea of guilty. The basis of that motion was that petitioner was misled into pleading guilty to the offense by representations made by the Court to counsel for petitioner in chambers and outside of petitioner's presence, which representations were then related to petitioner. As a result of petitioner's counsel's meeting with the judge and the prosecutor, petitioner was advised to change his plea of not guilty to guilty.
The trial court entered an order setting forth the facts and denying petitioner's motion to withdraw his plea of guilty, stating in part as follows:
"The court is of the opinion that this is simply a case where once having obtained from the court a statement as to the attitude of the court relating to varying types of possession of marijuana cases, counsel for the defendant misjudged the category into which the defendant's case would fall, either because of the failure to make adequate inquiry into the facts of the case or because of the failure of the defendant to take his counsel into his confidence and divulge important facts to them, and governed their advice to the defendant as to his plea accordingly. It is worthy of note that neither the defendant nor either of his counsel claim that there was every any commitment by the court to place the defendant on probation  only that after discussing this type of case generally with the court they concluded that his case would be one which most likely would warrant probation. Either they misconstrued the attitude of the court or they did not fully *43 understand the circumstances of the case, which could be and were revealed to the court in the course of the pre-sentence investigation which in fact showed not only possession of a quantity of possession (sic) indicative of a purpose for resale, but also that the defendant did, in fact, make some sales at the scene of his arrest although he was not charged with this."
On appeal, the District Court affirmed Judge Owen dissenting, and held:[1]
"The record does not reveal any promise or agreement by the court and no promise or agreement by the prosecutor other than that of the recommendation which was fulfilled. To the contrary it affirmatively appears that defendant and his counsel were specifically cautioned by the prosecutor that the court was not bound by the prosecutor's recommendation. Further, the defendant specifically disclaimed in open court that he had been given any promises and acknowledged his understanding that the court was not bound by the prosecutor's recommendation. Surely every defendant who pleads guilty hopes that the court will be lenient and that his sentence will be less than what he might have expected had he gone to trial. However, the disappointment of such hopes should not be entertained as a basis for disallowing the guilty plea."
In Banks v. State, supra, the defendant sought to withdraw his plea of guilty to the charge of aggravated assault. The trial court denied defendant's motion to set aside the judgment and the District Court of Appeal reversed and remanded, holding:[2]
"From a careful examination of the testimony offered by the Assistant State Attorney and counsel for appellant, it is clearly apparent that appellant was persuaded to and did in fact withdraw his plea of not guilty to the charge against him, and entered his plea of guilty to aggravated assault entirely as a result of an honest mistake, misunderstanding or misapprehension which occurred between his counsel and the Assistant State Attorney. From the evidence it appears without any serious question that appellant would not have changed his plea of not guilty to that of guilty except for the understanding of his attorney, erroneously as it may have been, that under the circumstances in the case defendant would be placed on probation and not sentenced to serve a term of imprisonment. The record does not reveal the slightest indication of trickery, fraud or overreaching on the part of either of the attorneys in the case. It is equally clear that the trial judge made no previous commitment as to what disposition he would ultimately make of the case prior to the time sentence was imposed."
The Banks decision, supra, is in accord with the opinion of the dissenting judge in the instant case and in our view reaches the fairer result. It is important to recognize that the question is not one of a trial judge being bound by statements he may make regarding his policy in sentencing certain offenders. There is no question but that a judge is not bound in sentencing by any such statements. The question here is whether a defendant, who has been led to change his plea to guilty due to the honest misunderstanding on the part of counsel and misinformation on all sides, should be allowed to withdraw that plea and stand trial on the charge against him.
We agree with the statement of the majority of the District Court below that a judge is not bound to grant probation and that an accused cannot withdraw his guilty plea merely because the sentence did not conform to what he hoped it might be. However, the facts before us are more consistent with actual misunderstanding and mutual mistake resulting to a large extent from statements made at the conference *44 between trial counsel, the prosecutor and the judge. In accord with this view is the dissenting opinion of Judge Owen below, stating:[3]
"Appellant was a college student with no prior criminal record. His counsel learned from a conference with the judge in chambers that in cases involving possession of marijuana by a youthful first offender, where the pre-sentence investigation came back `clean', the judge usually had placed the offender on probation and had withheld permanent adjudication, and furthermore, that the judge would be inclined to follow this practice in appellant's case if the facts so justified. At that particular point an honest misunderstanding on the part of counsel had developed, although it did not come to light until the hearing on appellant's motion to set aside the judgment and sentence and withdraw the guilty plea. The judge had stated that he usually followed the foregoing practice in those cases involving possession of a small quantity of marijuana intended to be used solely by the possessor, but that he did not follow the practice in those cases where the quantity was sufficient to supply others with marijuana. When the judge made reference to a `small amount,' appellant's attorneys conceived the impression that the quantity which was allegedly found in the possession of appellant (amounting to one-half ounce) was encompassed within that term. Acting upon this misconception, the attorneys carefully queried their client as to his past record and upon learning that he had not had any other violation, even so much as a minor traffic offense, they were satisfied that the pre-sentence investigation would come back `clean'. Being thus satisfied that upon their client entering a guilty plea he would be placed on probation with permanent judication withheld, the attorneys advised the appellant to change his plea to guilty."
We agree with the foregoing interpretation of the facts in this case as set out in the dissenting opinion of Judge Owen and hold that petitioner be allowed to withdraw his plea of "guilty" and stand trial on the charges.
This Court is aware of the changing attitudes of those concerned with criminal justice on the question of "plea bargaining." Many have considered it improper for a court directly, or through the prosecuting attorney, to negotiate with a defendant concerning the punishment to be imposed upon a plea of guilty. Present conditions, with almost universal representation of criminal defendants by counsel and a growing crime rate crowding of criminal courts, warrant the adoption of a more practical and reasonable approach to plea bargaining. If the State and defense counsel agree upon a specific statement of facts constituting the crime to be admitted and with the further understanding regarding the effect of subsequent presentence investigation, we see no reason why a judge should not, if he chooses, make a specific announcement of the sentence he will impose upon a guilty plea.
We repeat that a judge is never bound in sentencing by these negotiations. As to allowing withdrawal of a plea of guilty, however, a judge should be liberal in the exercise of his discretion and allow withdrawal of a plea of guilty where it is shown, as in the instant case, that the plea was based on a failure of communication or misunderstanding of the facts.
Accordingly, the decision of the District Court is quashed and the cause remanded with directions to remand to the trial court for the grant of petitioner's motion and substitution of a plea of not guilty for the plea of guilty.
It is so ordered.
ERVIN, Acting C.J., CARLTON and DREW (Retired) JJ., and SPECTOR, District Court Judge, concur.
NOTES
[1] Brown v. State, 234 So.2d 161, 164 (Fla.App.4th 1970).
[2] Banks v. State, 136 So.2d 25, 26 (Fla.App.1st 1962).
[3] Brown v. State, 234 So.2d 161, 164 (Fla.App.4th 1970).