WALDEN, Judge
(dissenting):
The majority decision to affirm is in conflict with Banks v. State, Fla.App.1962, 136 So.2d 25; Brown v. State, Fla.App.1970, 234 So.2d 161, rev’d Fla.1971, 245 So.2d 41; and Costello v. State, Fla.1972, 260 So.2d 198.
A careful reading and comparison of these decisions reveal that the instant facts are even more compelling and reflective of mistake and misunderstanding. As in the cited cases, neither the judge nor prosecutor here was guilty of any trickery, fraud or deception. However, it is clearly revealed that the defendant and her counsel were of the impression, which they acted upon in entering the plea, that the defendant would receive a withheld adjudication or probation. It can be realistically inferred from the colloquy that this expectation would have been realized but for the fact that defendant had further difficulties with the authorities after she had entered her plea of nolo contendere.
What are the facts?
Appellant was sentenced to two and one-half years at hard labor, based upon her unlawful misuse of a credit card whereby she realized $101.00. At her arraignment appellant pled not guilty. Later she changed her plea to nolo contendere.
On February 4, 1971, appellant’s counsel, Mr. Kessler, represented her at the hearing:
“MR. KESSLER: With reference to the matter of Sharon Still McCarroll, Case No. 70-11257, the Defendant enters a plea of no contest to unlawful use of a credit card and requests that this Court require the probation department to issue a P.S.I. report and give a long date and admit the Defendant to make restitution; or, in the alternative, at this *429 point, to withhold adjudication and place the Defendant on probation and make the terms of the probation that she make full restitution. The amount, by the way, Your Honor, is very small.
“MR. LYONS [Prosecutor]: A little over a hundred dollars.
“MR. KESSLER: A hundred and one dollars.
“THE COURT: How old are you, Sharon ?
“THE DEFENDANT: Twenty-two.
“THE COURT: You understand by pleading no contest to this offense, you are waiving the right to a trial by a jury, which you have done, but you can still have a trial by the Court. Do you understand that?
“THE DEFENDANT: Yes.
“THE COURT: You are presumed not guilty until the State can prove you are guilty. Do you understand that
“THE DEFENDANT: Yes.
“THE COURT: By pleading no contest, you are, for the purpose of this hearing, admitting your guilt by not contesting the State’s case against you. Do you understand that?
“THE DEFENDANT: Yes, sir.
“THE COURT: Do you understand this is a felony, possible up to five years on this thing?
“MR. LYONS: Two, I think, Your Honor.
“THE COURT: In any event, it still is a felony and if you were adjudicated guilty you would lose your civil rights. Do you understand that?
“THE DEFENDANT: Yes, sir.
“THE COURT: There would be a term in the State penitentiary, whether it is two years or five years, but you could receive the maximum, Do you understand that?
“THE DEFENDANT: Yes.
“THE COURT: Has there been any promises made to you about what you may or may not get in this case ?
“THE DEFENDANT: No.
“THE COURT: Are you being forced or intimidated in any way to enter this plea?
“THE DEFENDANT: No, sir.
“THE COURT: Now, your attorney has asked for a presentence investigation and I assume that there is a hope that you may receive probation if your background turns out that you haven’t been in any trouble before or anything like that. Has probation been explained to you ? If you are placed on probation, that you would still have to abide by the terms of that probation. Do you understand that?
“THE DEFENDANT: I understand.
“THE COURT: Do you have any questions you want to ask me about this ?
“THE DEFENDANT: No.”
At the sentencing on April 8, 1971, the following transpired:
“MR. KESSLER: This is one case that we reached through plea bargaining —the withholding of adjudication and waiving and entering a plea. I would state to the Court that Miss McCarroll attempted to make restitution to the Clerk’s office. They refused to accept the money. She does have it with her today. She should have gone to Probation. (Emphasis supplied.)
“MR. LYONS: The negotiation was for a presentence investigation and we never talked about she was guaranteed to get anything. I don’t know what kind of record she has. It’s up to the Court. We don’t object to anything. Whatever the Court wants to do.
*430 “THE COURT: I must say the pre-sentence investigation was not very good.
“MR. KESSLER: She does have a prior record.
“THE COURT: She is on probation right now.
“MR. KESSLER: Yes, sir. She stated that to the Court at the time.
“MR. LYONS: We just said we’d go along with the presentence investigation at the time and she said she’d show good faith by making restitution. That’s all.
“MR. KESSLER: Judge, if there is any question in the Court’s mind as to what it is going to do, then I would respectfully suggest that we permit the Defendant to withdraw her plea and set it down for trial. The plea was entered based solely on my understanding and the Defendant’s understanding that this would be a withhold adjudication.
“MR. LYONS: I never guarantee that, Judge, never. (Emphasis supplied.)
“MR. KESSLER: All right. There is no guarantee.
“MR. LYONS : Never. I never — unless we are talking about a time in years. I said I would go along with the P.S.I. I don’t know what the Court is going to do. I didn’t know at the time. I didn’t even express an indication but I never replied that she would get probation or anything like that. I can pretty well tell a defense attorney if she doesn’t have a record on the first conviction it is 99 chances in a 100 she is going to get probation. I didn’t say this in Court.
******
“MR. LYONS: Mr. Kessler, you are saying I said she was going to get probation.
“MR. KESSLER: No, I am not saying any such thing.
jfí ^ 5jí * >{í >ji
“MR. KESSLER: But based upon her making full restitution, that the young lady would get probation. This is zvhat I told the young lady and this is what she based her decision on. If I was mislead, or I am misinformed, Judge, then under the authority of Brown vs. State, we move to withdraw our plea and request another trial date. (Emphasis supplied.)
* ‡ * * * *
“THE COURT: If I remember correctly, when I accepted your plea there was no guarantee as to what you were going to receive and it would appear to me that since I accepted your plea, back on February 4, 1971 to this offense you were subsequently arrested in Dade County and are presently out on $4,500 bond; is that right?
“THE DEFENDANT: $1,500.
“THE COURT: $1,500. That happened on March 18 or March 17th. Do you know about that, Mr. Kessler?
“MR. KESSLER: Yes, sir.
“THE COURT: She is already on probation to the Federal authorities.
“MR. KESSLER: These offenses, I am not too sure, occurred subsequent to this one — the offense before the Court. She had no prior record, at least, no- felony arests prior to this one and the Federal offense and the subsequent probation, etc. The arrest that occurred in March, Your Honor, was something that actually was possibly a drug related case, but this girl is involved actually not at all. She was in the car at the time, or pitching a little woo, so to speak, and the policeman came upon them, Judge, and they were arrested for that. He subsequently found the drugs.”
The actual transcript doesn’t reveal any promises were made; however, the statements of appellant’s counsel at the sentencing reveal he was led to believe she would not be sentenced. The plea of nolo con-tendere was obviously a result of plea bargaining and her attorney’s advice based upon honest mistake, as shown by the exchanges between counsel and the court.
*431 Defendant is not being exonerated. She is simply requesting the right to a trial upon the merits. I feel as a matter of even-handedness and fair play that the law should be uniformly applied. If this is done, then surely the defendant here was misled and entered her plea inadvisedly and is manifestly entitled to withdraw it equally, if not more, than were Messrs. Banks, Brown and Costello.
I would reverse and remand with instructions to allow the defendant to withdraw her plea of nolo contendere and to newly plead.
For the above reasons I respectfully dissent.