ANSTEAD, Judge,
dissenting:
The appellant, Andrew S. Birdsall, seeks to overturn his conviction and sentence and an opportunity to withdraw the plea of guilty upon which the conviction and sentence were based. On appeal he claims his plea of guilty was predicated upon an implied promise of leniency by the trial judge who accepted his plea, while his sentence to five years imprisonment was imposed by another judge.
In his brief counsel for the appellant has referred to negotiations between the court, the prosecution and the defendant which are not of record and cannot be considered by this court.[1] A portion of the brief record we do have indicates the following exchange took place at the time the plea was entered:
THE COURT: Let’s see the Information, Mrs. Clerk — Miss Clerk, it is.
Are you ready, counselor?
MR. MARKUS: Yes, sir.
Your Honor, if it please the Court, I’m Stuart Markus. I represent Andrew Robert Birdsall, and we would like to change our plea as to Count Two of the Information filed.
THE COURT: All right. What plea is it you want entered, counselor?
MR. MARKUS: We’d enter a plea of guilty at this time.
THE COURT: All right. Mr. Birdsall, you heard what your counselor said. Come up here where I can talk at you. And you know that you were present when we had conversation in Court. You know that when you plead guilty, why, all that remains is that paying, which may be by probation or by prison term. You understand that?
MR. BIRDSALL: Yes, sir; I do.
THE COURT: Now, is there anything that’s been told to you that would lead you to believe that the Court would put you on probation?
MR. Birdsall: Uhm—
THE COURT: I tell you that I will study the pre-sentence report thoroughly, and that I usually, but not always, follow the recommendations of the probation officers and the officers involved — [2]
MR. BIRDSALL: Yes, sir.
THE COURT: —but I don’t want you to feel that anything’s been told to you that would keep the Court from fixing the penalty within the limits prescribed by law, which the Court, in its judicial decision, feels that’s necessary. I want you to fully understand that.
MR. BIRDSALL: Yes, sir.
MR. MARKUS: I told you you could go to prison, didn’t I?
MR. BIRDSALL: Yes, sir.
THE COURT: Now, has anyone forced you to plead guilty?
MR. BIRDSALL: No, sir.
THE COURT: Any promise or reward, other than what has been said in this courtroom to get you to plead guilty?
MR. BIRDSALL: No, sir.
THE COURT: Has — you fully understand the nature and the penalty of pleading guilty?
MR. BIRDSALL: Yes, sir; I do.
THE COURT: Now, you are entitled to a trial by jury, which means that a jury of six people would be summonsed, I take it, be sworn, try the case and listen to the *800 testimony and make up their mind as to your guilt or innocence but, if you plead guilty, you waive that. You fully understand that?
MR. BIRDSALL: Yes, sir; I do.
THE COURT: I don’t want to leave anything out here because I want you to fully understand the consequence of pleading guilty.
MR. BIRDSALL: Yes, sir; I do.
THE COURT: You know you are entitled to face your accusers face-to-face—
MR. BIRDSALL: Yes, sir.
THE COURT: —but when you plead guilty, the State doesn’t have to prove anything.
MR. BIRDSALL: Yes, sir.
THE COURT: That’s the end. You fully understand that?
MR. BIRDSALL: Yes, sir; I do.
THE COURT: You are not laboring under any disability at this time, are you?
MR. BIRDSALL: No, sir; I’m not.
THE COURT: And you fully realize and understand what’s going on?
MR. BIRDSALL: Yes, sir; I do.
THE COURT: Is this of your own free will and accord?
MR. BIRDSALL: Yes, sir; it is.
THE COURT: I think that he fully understands. I’ll accept his plea of guilty. I’ll order a pre-sentence investigation and set a time sometime during the latter part of July. He’ll be notified.
The State does not dispute that there was a plea bargain including provisions that the State would drop two out of three charges pending against the appellant; that the State would recommend probation conditioned on six months jail time; and that the appellant would plead guilty to one charge, possession of marijuana in excess of five grams. Additionally, however, the appellant claims he entered his plea with the reasonable expectation that the same judge who accepted his plea would impose sentence and that the sentence would follow the recommendations of the state officials involved. This the State disputes and correctly points out that the record does not reflect any agreement to that effect.
Sentence was imposed by a different judge, at which time counsel for the appellant expressed some surprise:
MR. MARKUS: Your Honor, I would at this time, under 3.231, Rules of Civil (sic) Procedure, I would believe that Judge Rose had heard this case originally, heard testimony from the police officers and had heard — heard mitigating circumstances and all things concerned.
MR. MARKUS: This is the reason that I had suggested that under the Rule that Judge Rose — I didn’t know that you had been familiar with it, but that he would sentence, since he had heard all of these recommendations.
In addition to the recommendations of the State, the chief investigating police officer and the probation officer who did the pre-sentence report recommended probation. Thereafter the trial court announced it was not following any of the recommendations made and imposed a prison sentence of five years with the last two to be suspended and the appellant placed on probation.
Appellant’s reliance on Fla.R.Crim.P. 3.231 is misplaced as such rule, relating to the disability or death of a judge before whom a trial has commenced, is not applicable to this situation. There is no reason why one trial judge may not accept a plea and another judge pass sentence provided the provisions of Fla.R.Crim.P. 3.700(c) are complied with. Rule 3.700(c) provides that the sentencing judge be fully informed of the facts “including any plea discussions, concerning the plea and the offense.” The sentencing judge here actually had a transcript of the plea proceedings conducted before the prior judge as well as the recommendations set out above.
We are not faced in this case with a specific agreement by the trial court as to the sentence to be imposed. And there is no doubt that the appellant was advised by the court before his guilty plea was accepted:
*801 . I don’t want you to feel that anything’s been told to you that would keep the Court from fixing the penalty within the limits prescribed by law, which the Court, in its judicial decision, feels that’s necessary.
And yet there are matters in the record, or which by their absence from the record,[3] raise questions about the appellant’s understanding of the consequences of his plea of guilty.
The appellant relies on the case of Brown v. State, 245 So.2d 41 (Fla.1971) which held that a defendant should be allowed to withdraw a guilty plea which resulted from an honest misunderstanding and mutual mistake as to the expected sentence as a result of discussions between the court, the State and the defendant. In Brown the trial judge advised defendant’s counsel that he usually granted probation in certain cases, and the defendant’s attorney then advised his client to plead guilty on the basis that his case was similar to those cases to which the court had referred. It turned out that the trial judge did not consider Brown’s case to be one that usually merited probation. On appeal the Florida Supreme Court ruled that the circumstances indicated an honest misunderstanding of the trial court’s comments and authorized the defendant to withdraw his guilty plea. Other cases have authorized a change of plea if the defendant can show a reasonable basis in the record for an expectation of leniency upon a plea of guilty.[4]
The question presented then is whether there is any reasonable basis in the record to support the appellant’s contention that his plea was the result of an honest misunderstanding and mutual mistake as to the expected sentence. As in Brown the appellant here had no prior criminal record. The investigating officer recommended probation. The State recommended probation conditioned upon a six month jail sentence. The presentence investigation recommended probation. The trial court told the appellant that he usually followed the recommendations of the probation officers and the officers involved. No unusual circumstances developed that would put the appellant on notice that the court would not do what it usually did. I believe these events formed the basis for an honest misunderstanding and mutual mistake as to the consequences of the appellant’s plea when in fact the judge who usually followed the recommendations of the probation authorities was not the same judge who sentenced the appellant. To the contrary, the sentencing judge announced he did not usually follow such recommendations and would not in this case. Under those circumstances, the appellant was entitled to an opportunity to withdraw his plea of guilty and proceed to trial.

. Under Fla.R.Crim.P. 3.172(c)(vii), effective July 1, 1977, the complete terms of any plea agreement will be discussed by the trial judge with the defendant personally prior to the acceptance of a plea of guilty.

. Whether this was a repetition of a remark previously made during unrecorded plea bargaining or a gratuitous remark of the trial judge cannot be exactly determined by the record.

. For example, the emphasized portions of the judge’s remarks indicate the appellant was present “when we had conversation in Court” and of course the State concedes there was plea bargaining not of record. Hopefully, Rule 3.172(c)(vii) will eliminate any “misunderstandings” in the future.

. Surace v. State, 351 So.2d 702 (Fla.1977); Costello v. State, 260 So.2d 198 (Fla.1972).