437 So.2d 177 (1983)
Ronald VAPRIN, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-1367.
District Court of Appeal of Florida, Third District.
August 9, 1983.
Rehearing Denied September 26, 1983.
Chaykin, Karlan & Jacobs and Sharon Jacobs, Coral Gables, for appellant.
Jim Smith, Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and NESBITT and BASKIN, JJ.
PER CURIAM.
As a part of Vaprin's agreement to testify for the state in two unrelated cases, he pled guilty to the present charges. After he was sentenced to fifteen years in *178 prison, he moved to vacate the conviction under Fla.R.Crim.P. 3.850 on the asserted ground that the plea had not been knowingly entered supposedly because of the "ineffectiveness" of his own counsel in advising him that he would receive a more lenient sentence. See Brown v. State, 245 So.2d 41 (Fla. 1971). The state attorney specifically agreed to the granting of that motion. We think we are not merely speculating when we suggest that this agreement was (in a way) commendably in accordance with the state's own previous, unrevealed undertaking to Vaprin with respect to the plea.[1] We fully appreciate and agree with the attitude of the trial judge who, in denying the motion notwithstanding the agreement, expressed his strong disapproval of the fact that he had been misled by both sides, particularly the state, in their failure to apprise him of these facts during the plea and sentencing process.[2] Nonetheless, under the circumstances thus stipulated below, it clearly appears that the appellant entered his guilty plea upon a justifiable misapprehension of its sentencing consequences and therefore must be permitted to withdraw it. Banks v. State, 136 So.2d 25 (Fla. 1st DCA 1962).
The order under review is therefore reversed with directions to grant the defendant's 3.850 motion and for further appropriate proceedings.
Reversed.
NOTES
[1] Plainly, the state had not outlined the agreement in open court for fear of "benefitting" those against whom Vaprin testified by disclosing the extent of the consideration he would receive for doing so. We express no opinion as to what rights flow to those defendants as a result of any such secretion.
[2] In contrast, we cannot be tolerant of the positions taken by the Attorney General's office before this court. On the one hand, it has most disingenuously sought to deny the existence of the state attorney's concession and, on the other, most improperly, see Finney v. State, 420 So.2d 639 (Fla. 3d DCA 1982) (en banc), attempted to renege upon it. The state of Florida should not have made and will not be heard even to assert either contention.