JOANOS, Judge.
■ This is an appeal from a denial of motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. As grounds for relief appellant alleged that his plea negotiation provided that the sentence he received for his guilty plea to a charge of burglary was to be the same sentence and concurrent with the sentence that he- received for parole violation. We reverse with directions.
The record in this case indicates that following discussions in chambers between appellant’s counsel and the court, appellant authorized his counsel to withdraw his previously entered plea of not guilty and to enter instead a plea of guilty to the charge of burglary. The record further reflects that appellant entered a plea of guilty with the understanding that the sentence he received for the burglary would run concurrently with the sentence he received for parole violation. The following exchange took place between appellant’s counsel and the court at the July 15, 1981, proceeding:
MR. BAKER [Appellant’s Counsel]: Your honor, pursuant to my discussions in chambers with the Court, at this time Mr. Young has authorized me to withdraw his previously entered plea of not guilty to the charge of burglary.
It’s our understanding if this plea is accepted by the Court that a PSI will be ordered and that any time he receives it will run concurrent with any time he gets on his parole violation.
THE COURT: That was my statement in chambers.
The court then entered into the plea colloquy with appellant as provided in Florida Rule of Criminal Procedure 3.172. After ascertaining that appellant understood the nature of the charge, the possible sentence, i.e., fifteen years, and the waiver of rights attendant upon a guilty plea, the court asked:
Other than the negotiations which have just been made part of the record, has anyone offered you hope of reward, better treatment, or a certain type of sentence to get you to plead guilty?
Appellant responded in the negative, and the court went on .to say:
I can inform you that I do intend to make whatever sentence I do impose concurrent with your probation violation sentence. I understand that you are facing charges for violating — excuse me, parole. What were you on parole for?
THE DEFENDANT: Burglary.
THE COURT: ' I’ll make the sentence concurrent to whatever they happen to give you on the parole violation.
A presentence investigation was ordered, and sentencing was set for August 19, 1982.
At the sentencing hearing on August 19, 1982, the assistant state attorney asked that appellant be sentenced to “the approximately two years he has gotten on parole violation.” On request of the court to “start again,” the assistant state attorney said:
Your honor, I would ask the Court to give him two years and run it concurrently with the violation of parole.
The court then referred to the pre-sentence investigation, and asked for exceptions or objections to the report. When appellant’s counsel made a reference to some statements in the report that indicated that appellant had been “less than cooperative,” the Court responded:
For the record, I have discussed this with counsel in chambers; and as far as I am concerned, it sounds like Mr. Young was probably cooperative with Mr. Lowe, and *1390 the way it turned out — that won’t go against him.
The court noted that this would be appellant’s third burglary conviction. After being advised that appellant had nothing to offer in mitigation and that counsel for the state had nothing to offer in aggravation, the court prefaced sentencing with a recognition of appellant’s efforts to be cooperative. The court then advised appellant that due to his record of a repetition of the crime of burglary, the court felt that a serious sentence was warranted. The sentence imposed was eight years, to run concurrently with the sentence appellant had received for parole violation.
It is appellant’s contention that the sentence he negotiated in return for a guilty plea was a sentence that would run concurrent with and carry the same time as the sentence he received for the parole violation. A careful reading of the transcript of the plea acceptance and sentencing proceedings demonstrates a possible basis for appellant’s belief. There are several references in this transcript to discussions held in chambers. The statements made on the record by defense counsel and the assistant state attorney reflect that both counsel recommended to the court that appellant receive the same sentence on the burglary charge as he received on the parole violation charge, the sentences to run concurrently. The trial court informed appellant that it was the court’s intention to provide that the sentence imposed on the burglary charge would run concurrently with the sentence appellant received for parole violation. The record does not contain a statement from the trial court regarding the actual length of sentence the court proposed to impose on the burglary charge.
In Robinson v. State, 373 So.2d 898, 902 (Fla.1979), the Florida Supreme Court accepts “the failure of the government to abide by the plea agreement” as one of a limited class of appealable issues which occur contemporaneously with the entry of a guilty plea. From this record we can infer the “misunderstanding and mutual mistake” found by the court in Brown v. State, 245 So.2d 41, 43 (Fla.1971), which would lead appellant to believe that the state had failed to abide by the plea agreement. Brown concerns entry of a plea of guilty to a charge of illegal possession of marijuana. Brown had withdrawn a plea of not guilty based on his counsel’s representations to him after counsel had met with the prosecutor and the judge in chambers, outside the presence of Brown, the defendant. These representations were to the effect that in cases involving possession of marijuana by a youthful offender with a prior clean record, the judge usually placed the offender on probation and withheld permanent adjudication. The misunderstanding in Brown came about because the judge stated that he followed these practices only in cases involving a small amount of marijuana intended for use only by the possessor — but the practice was not followed in cases where the quantity was sufficient to supply others. Brown’s attorneys assumed that the one-half ounce which was allegedly found in Brown’s possession was encompassed within the term “small amount” as used by the judge. This convinced the attorneys that Brown would be placed on probation if he entered a guilty plea, and they so advised him. The presentence investigation revealed that Brown had taken more marijuana to a party than he would require for his own use, and did in fact sell at least one marijuana cigarette. On these facts, the judge sentenced Brown to three years in prison.
The court in Brown relied on a First District Court of Appeal Opinion, Banks v. State, 136 So.2d 25, 26 (Fla. 1st DCA 1962), to determine that Brown should be allowed to substitute a plea of not guilty for his plea of guilty. In Banks the District Court of Appeal reversed and remanded denial of defendant’s motion to withdraw his plea of guilty, finding:
From a careful examination of the testimony offered by the Assistant State Attorney and counsel for appellant, it is clearly apparent that appellant was persuaded to and did in fact withdraw his plea of not guilty to the charge against him, and entered his plea of guilty to *1391 aggravated assault entirely as a result of an honest mistake, misunderstanding or misapprehension which occurred between his counsel and the Assistant State Attorney. From the evidence it appears without any serious question that appellant would not have changed his plea of not guilty to that of guilty except for the understanding of his attorney, erroneously as it may have been, that under the circumstances in the case defendant would be placed on probation and not sentenced to serve a term of imprisonment. The record does not reveal the slightest indication of trickery, fraud or overreaching on the part of either of the attorneys in the case. It is equally clear that the trial judge made no previous commitment as to what disposition he would ultimately make of the case prior to the time sentence was imposed, (e.s.)
The record in the case sub judice is equally devoid of any indication of trickery, fraud, or overreaching. And here as in Banks, the trial judge made no commitment prior to sentencing as to the length of sentence he would impose on the burglary charge. His only commitment was to make the two sentences concurrent, and this commitment was kept. Further, even if length of sentence had been discussed, the judge would not have been bound to the negotiations.[1] “Until sentence is pronounced, the trial court maintains power to impose any sentence authorized by law; and, though the sentencing judge may be conscience-bound to perform his own prior agreements with counsel and the parties, the court is not in law bound to impose a sentence that once seemed, but no longer seems, just and appropriate.” State ex rel. Wilhoit v. Wells, 356 So.2d 817, 824 (Fla. 1st DCA 1978).
In the case sub judice the sentence imposed, eight years, was clearly authorized by law. Appellant had been advised by the court that the maximum sentence the court could impose was fifteen years. At the sentencing hearing, the court was clearly persuaded that the presentence investigation, which showed that appellant had a record of three prior burglary convictions, indicated a serious sentence ought to be imposed.
This record demonstrates a commendable effort on the part of the trial court to insure that appellant fully understood all the ramifications of a guilty plea. In addition, the record reflects no commitment by the court that the sentence imposed for burglary would be the same length as the sentence appellant received for parole violation. Nevertheless, the record does reflect that conferences were held in chambers out of the presence of appellant, and that both the assistant state attorney and defense counsel recommended that appellant receive the same sentence for the burglary as he received for parole violation. This case demonstrates the potential for misunderstanding that can occur when any part of a plea agreement and plea acceptance is held off the record. The rule requires the judge to determine that a defendant fully understands “the complete terms of any plea agreement,”[2] and that “the proceedings at which a defendant pleads guilty or nolo contendere shall be of record.”[3] The rule which requires that any plea agreement be spread upon the record has not been fully complied with here. We reverse and remand with directions to the trial court to hold an eviden-tiary hearing on appellant’s understanding of “concurrent,” with particular inquiry into whether appellant entered a guilty plea based on his understanding that his burglary sentence would be the same as his parole violation sentence.
REVERSED and REMANDED, with directions.
SMITH and ZEHMER, JJ., concur.

. Brown v. State, 245 So.2d 41, 44 (Fla.1971).

. Fla.R.Crim.P. 3.172(c)(vii).

.Fla.R.Crim.P. 3.172(e).