MILLS, Judge.
Lawrence appeals from an order summarily denying his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. We affirm.
By alleging his guilty plea was induced by his attorney’s promise that the sentence imposed would be concurrent rather than consecutive when in fact the sentence was consecutive, Lawrence makes a legally sufficient postconviction challenge to the vol-untariness of his plea. Holman v. State, 326 So.2d 50 (Fla. 2d DCA 1976). But after reviewing the portions of the plea and sentencing transcript attached to the order, we find the record conclusively shows Lawrence is entitled to no relief.
Pursuant to a plea bargain, Lawrence withdrew his plea of not guilty to burglary of a structure and pleaded guilty. Lawrence’s attorney announced at the sentencing hearing that the plea was with the understanding that the maximum sentence imposed would be five years and that the plea would effect a complete disposition of all pending charges. The State concurred. The trial court sentenced Lawrence to five years imprisonment, the sentence to run consecutive to any other sentence being served.
Lawrence cites three cases for the proposition that a defendant’s statements on the *49 record showing he understood the consequences of his plea and voluntarily pleaded guilty do not conclusively show he is entitled to no relief. Costello v. State, 260 So.2d 198 (Fla.1972); Brown v. State, 245 So.2d 41 (Fla.1971); Young v. State, 453 So.2d 1388 (Fla. 1st DCA 1984).
In Costello, the defendant denied on the record that he had been promised a life sentence in exchange for a guilty plea to first degree murder. Nevertheless, the defendant’s assertion by way of postconviction motion, together with his trial counsel’s affidavit that he had indicated to Costello that he would not receive the death penalty, required Costello be allowed to withdraw his guilty plea. In Costello, however, an evidentiary hearing had already been conducted at the trial level. The issue presented in the case before us is therefore different from the issue in Costello.
Brown and Young are distinguishable because in both those cases misunderstanding and mutual mistake could be inferred from the record. No such inference is possible here.
Lawrence’s other contentions are without merit.
AFFIRMED.
SHIVERS and WENTWORTH, JJ., concur.