488 So.2d 127 (1986)
Frank Edward WADE, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-14.
District Court of Appeal of Florida, Third District.
May 6, 1986.
*128 Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Susan Odzer Hugentugler, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HENDRY and NESBITT, JJ.
HENDRY, Judge.
Appellant entered a plea of guilty to a charge under count one of attempted first degree murder with a firearm, and to a reduced charge under count two of attempted robbery with a firearm.
Six days after the plea was entered and approximately one month prior to the scheduled date for sentencing, appellant filed a motion to withdraw the plea. The sworn motion averred that appellant had been misinformed by his attorney of a sentencing guideline range of 12 to 17 years, and that after the entry of the plea, he had been apprised that he actually faced a minimum mandatory sentence of 30 years; that had he known of the 30 year minimum mandatory sentence, he would not have entered the plea; and that he was confused and misunderstood the questions of the court regarding the sentence at the time of the plea.
Upon hearing, the motion to withdraw plea was denied, although appellant's attorney and the attorney for the prosecution acknowledged that prior to and at the time of the plea they had been under the misapprehension that the appellant could elect to be sentenced under the guidelines; they had since learned, however, that such election was unavailable and a 30 year minimum mandatory sentence applied because the life-felony offense to which appellant pled[1] occurred prior to the October 1, 1983 effective date of the sentencing guidelines. Appellant's attorney stated that his discussions with appellant prior to the entry of the plea were based on this misapprehension.
The trial court recognized, upon denying the motion to withdraw the plea, that the new sentencing guidelines did not apply.[2] The court sentenced appellant under count one to a term of imprisonment of 40 years, and under count two, to a concurrent term of eight years.
*129 Appellant contends that the trial court committed reversible error in denying his motion, filed prior to sentencing, to withdraw guilty plea. We find merit in this contention and reverse.
It is well-established that a defendant should be permitted to withdraw a guilty plea when such plea "was based upon a misunderstanding or misapprehension of facts considered by the defendant in making the plea." Forbert v. State, 437 So.2d 1079, 1081 (Fla. 1983), and cases cited therein; Vaprin v. State, 437 So.2d 177 (Fla. 3d DCA 1983). Where, as in this case, such misunderstanding or misapprehension is clearly demonstrated by the defendant upon motion made prior to sentencing, the trial court should permit the defendant to withdraw the plea in the interests of justice. Yesnes v. State, 440 So.2d 628 (Fla. 1st DCA 1983); see also Fla.R. Crim.P. 3.170(f).
Accordingly, the judgment of the trial court is reversed and the cause is remanded with directions that the appellant's motion to withdraw his plea of guilty be granted and a plea of not guilty be substituted therefor.
Reversed and remanded with directions.
NOTES
[1] Pursuant to Section 775.087(1)(a), Florida Statutes (1983), the offense of attempted first degree murder, a first degree felony, §§ 777.04(4)(a), 782.04(1)(a), Fla. Stat. (1983), was reclassified to a life-felony because of the use of a firearm which was not an essential element of attempted first degree murder.
[2] State v. Smith, 470 So.2d 764 (Fla. 5th DCA 1985); § 921.001(4)(a), Stat. (1983).