PER CURIAM.
The defendant and the State entered into a plea agreement to the effect that the defendant would plead guilty to a certain criminal charge and the State agreed that the sentence would not exceed 18 months’ confinement to be served concurrent with any sentence on another criminal offense for which the defendant was on probation. The plea offer was never withdrawn by either party. To the contrary, pursuant to this agreement the defendant tendered a plea of guilty which the trial court formally accepted after making all the inquiries, ad-visements and determinations required by the Florida Rules of Criminal Procedure. However, at sentencing the State recommended 9 years confinement and the trial judge sentenced the defendant to a term of ten years’ incarceration plus five years’ probation. The defendant appeals.
The sentence imposed is vacated. If the trial court is unwilling to impose a sentence in accordance with the plea agreement, before being sentenced the defendant should be given an opportunity to withdraw his plea and proceed to trial. Of course, the court may also resentence the defendant unrestricted by the plea agreement if the defendant voluntarily and freely waives that portion of the plea agreement limiting sentencing.
SENTENCE VACATED, CAUSE REMANDED for further proceedings.
DANIEL, C.J., and COWART and GOSHORN, JJ., concur.