596 So.2d 487 (1992)
Santa Caridad PEREZ, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1232.
District Court of Appeal of Florida, Fifth District.
March 27, 1992.
James B. Gibson, Public Defender, and Noel Pelella, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Nancy Ryan, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The issue on this appeal is whether the trial court should have allowed a plea of nolo contendere to be withdrawn.
On March 27, 1991, the defendant entered a plea of no contest to ten of nineteen charged counts (seven third degree grand theft and three second degree grand theft offenses) regarding worthless checks. Defense counsel set forth the plea negotiations between the defendant and the state. Accordingly, the defendant was to receive five years probation, "concurrent on each count" and be required to pay restitution on all nineteen of the originally charged counts for a total of $6,137.52.
The plea form was written in Spanish for the benefit of the defendant, who understood she was pleading to five years of probation (all counts concurrent) and ten counts of grand theft with restitution on all nineteen counts (less any amounts that her *488 daughter might be forced to pay). Her counsel stated:
So we're agreeing to pay the restitution on these nineteen they have charged in the information as of today. Not restitution for things that were not charged. (Emphasis supplied).
At the sentencing hearing on April 26, 1991, the state conceded that they had "agreed to restitution" as to nineteen counts in the amount of $6,137.52. At this point, however, the victim of the worthless checks (grocery store owner) told the trial court that he was actually out $12,767.82 when all[1] the bad checks were counted.
The trial court concluded that Count I and Count III were to run "consecutive" to each other; each being five year probationary terms. All other counts were set for five years of probation and were to run "concurrent" to Count I. The result was that the defendant would be on probation for ten years. The court also ordered restitution in the amount of $12,067.82. At this juncture, defense counsel objected to the amount of restitution. The trial court explained that he believed he had the authority to order restitution to attempt to restore a victim to the best position obtainable had there not been any wrongdoing.
Defense counsel asked to withdraw the plea of no contest since there was a $6,132.52 restitution understanding and an understanding that only five years probation would be given. The trial court did not recall committing to a "formal" agreement and defense counsel agreed. As a result, the trial court denied the motion to withdraw the plea.
In the instant case, a plea agreement was reached between the defendant and the state and was tendered at the plea hearing. The trial judge did not concur, however, and changed the terms during the sentencing hearing. This was error since the court should have allowed the plea to be withdrawn. See Fla.R.Crim.P. 3.172(g). Jenkins v. State, 549 So.2d 247 (Fla. 5th DCA 1989). It is well established that a defendant should be allowed to withdraw a plea when the plea was based upon a misunderstanding or misapprehension of the facts considered by the defendant in making the plea. Forbert v. State, 437 So.2d 1079, 1081 (Fla. 1983); Brown v. State, 245 So.2d 41 (Fla. 1971); Wade v. State, 488 So.2d 127 (Fla. 3d DCA 1986); Yesnes v. State, 440 So.2d 628 (Fla. 1st DCA 1983). It was also error to order restitution on the uncharged counts.
The judgment and sentence are reversed and the cause is remanded to the trial court for the preparation of an order granting the defendant's motion to withdraw the plea.
REVERSED AND REMANDED.
W. SHARP, and GRIFFIN, JJ., concur.
NOTES
[1] Many social security checks were cashed outside of the statute of limitations period and hence, no charges were filed on these.