641 So.2d 511 (1994)
Rodney GRAHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1576.
District Court of Appeal of Florida, Fifth District.
August 26, 1994.
Rodney Graham, pro se.
No appearance for appellee.
DIAMANTIS, Judge.
Rodney Graham appeals the summary denial of his rule 3.800(a)[1] motion to correct an illegal sentence, contending that his sentence is illegal because it exceeds the agreed sentence under his plea agreement. The record reflects that Graham pled nolo contendere to two second-degree felonies, which are each punishable by a prison sentence not to exceed 15 years,[2] in return for a prison sentence of 5 1/2 years; however, the trial court sentenced Graham to a split sentence of 5 1/2 years incarceration followed by 5 years probation. We affirm because a sentence *512 which is otherwise legal is not rendered illegal merely because it exceeds an agreed sentence under a plea agreement. As the court in Judge v. State, 596 So.2d 73 (Fla. 2d DCA 1991), rev. denied, 613 So.2d 5 (Fla. 1992), explained:
Rule 3.800(a) is intended to provide relief for a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law. It is concerned primarily with whether the terms and conditions of the punishment for a particular offense are permissible as a matter of law. It is not a vehicle designed to re-examine whether the procedure employed to impose the punishment comported with statutory law and due process.
Id. at 77. See also Nowlin v. State, 639 So.2d 1050 (Fla. 1st DCA 1994); Young v. State, 616 So.2d 1133 (Fla. 3d DCA 1993); Kelly v. State, 599 So.2d 727 (Fla. 1st DCA 1992).
We note that Graham's proper remedy in this case is to file a 3.850 motion[3] asserting that the plea should be set aside because, although a sentencing court is not required to impose a sentence in conformity with a plea agreement, if the court cannot abide by the terms of the agreement, the defendant must be given the opportunity to withdraw his plea. See Jenkins v. State, 549 So.2d 247 (Fla. 5th DCA 1989).
Accordingly, we affirm the trial court's order denying Graham's rule 3.800(a) motion without prejudice to Graham filing a rule 3.850 motion in which he may seek to be sentenced within the terms of his plea agreement. If the trial court determines that it cannot abide by the plea agreement, Graham should be given the opportunity to withdraw his plea.
AFFIRMED.
DAUKSCH and GRIFFIN, JJ., concur.
NOTES
[1] See Fla.R.Crim.P. 3.800(a).
[2] See § 775.082(3)(c), Fla. Stat. (1993).
[3] See Fla.R.Crim.P. 3.850.