W. SHARP, Judge.
Chambers appeals from the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). He alleges that he pled guilty to one count of second degree murder in Case No. 94-11724, pursuant to a plea bargain guaranteeing him a 12 year sentence, to run concurrently with another sentence in Case No. 93-3848. Not until he arrived in prison did he learn he received a 14 year sentence, and the written judgment does not state that the sentence runs concurrent with the sentence he received in Case No. 93-3848.
A defendant may challenge an illegal sentence by filing a motion pursuant to Rule 3.800(a). In this context, that includes a sentence which exceeds the maximum time allowed by law. State v. Callaway, 658 So.2d 983 (Fla.1995). A sentence is not illegal because it exceeds the agreed upon sentence under a plea bargain. Graham v. State, 641 So.2d 511 (Fla. 5th DCA 1994).
In this case, Chambers’ sentence of 14 years did not exceed the statutory maximum sentence, because murder in the second degree is punishable by a term of years not exceeding life. Section 782.04(2), Fla. Stat. (1995). In order to challenge the sentence because it does not comply with the plea bargain, he must file a motion pursuant to Rule 3.850. Our affirmance of the summary denial in this case is without prejudice for Chambers to timely file a motion pursuant to Rule 3.850. However, time has apparently almost run out on that remedy, since Chambers was sentenced in this case in July of 1995.
AFFIRMED without prejudice to file a motion pursuant to Rule 3.850.
DAUKSCH and THOMPSON, JJ., concur.