PER CURIAM.
Sylvester Nelson (Appellant) appeals the denial of his motion for post conviction relief alleging ineffectiveness of counsel. We reverse and remand.
The State charged Appellant with Attempted Second Degree Murder and Aggravated Battery. He shot at his victim twice, missing him with the first shot but wounding him with the second. He claimed in his motion that his attorney informed him he could be convicted and sentenced on both charges. Consequently, he pled guilty to both charges and negotiated a bottom of the guidelines sentence in which he received two concurrent sentences of 69 months imprisonment, with a three year mandatory minimum sentence.
The two-pronged test necessary to establish a claim of ineffective assistance of counsel, pronounced in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), requires that a movant demonstrate (i) that counsel performed deficiently, to such an extent that his or her performance was outside the wide range of professionally competent assistance and (ii) that such deficiency or omission actually prejudiced the defendant to such an extent that the result of the proceeding has been rendered unreliable, or that a reasonable probability of a different result exists, but for the omissions or deficiencies of counsel.
At the time Appellant entered his plea, Florida law disallowed dual convictions for aggravated battery and attempted second degree murder arising out of the same acts. See Green v. State, 522 So.2d 1077 (Fla. 4th DCA 1988) (holding that where defendant was convicted of aggravated battery and attempted second degree murder arising out of the same acts, double jeopardy required vacation of one of the convictions); Campbell-Eley v. State, 718 So.2d 327 (Fla. 4th DCA 1998) (convictions for both second-degree murder and aggravated battery on a pregnant woman violate double jeopardy where both charges stem from same violent assault); Hardy v. State, 705 So.2d 979 (Fla. 4th DCA 1998)(holding that dual convictions for leaving the scene of an accident involving *586 injury and leaving the scene of an accident involving death were different degrees of same crime and violated double jeopardy). The record does not permit us to determine whether Appellant’s counsel may have advised him of double jeopardy ramifications, yet Appellant, nevertheless, elected to accept the State’s plea offer. Accordingly, we remand for the trial court to conduct an evidentiary hearing to determine whether counsel addressed this matter with him, and, if so, whether he knowingly elected to enter a plea to both charges.
Accordingly, we reverse and remand for an evidentiary hearing on this issue. Should the trial court ultimately determine that counsel did not advise Appellant of this, then Appellant shall be afforded an opportunity to move to withdraw his plea. See Garcia, v. State, 736 So.2d 89 (Fla. 4th DCA 1999)(Gross, J., concurring); Vaprin v. State, 437 So.2d 177 (Fla. 3d DCA 1983) (holding that where defendant entered guilty plea upon a justifiable misapprehension of its sentencing consequences, it was required that he be permitted to withdraw his plea).
POLEN, C.J., FARMER and GROSS, JJ., concur.