417 So.2d 1000 (1982)
Leroy Junior REAVES, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1342.
District Court of Appeal of Florida, Fourth District.
May 19, 1982.
Rehearing Denied September 3, 1982.
Richard L. Jorandby, Public Defender, Anthony Calvello, Asst. Public Defender, and Ronald K. McRae, Legal Intern, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sharon Lee Stedman, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant was charged with burglary and initially pleaded not guilty. After negotiations with the State, appellant pleaded nolo contendere in exchange for an agreed sentence of probation. The amount of probation time was to be left to the court's determination after receipt of a presentence investigation report. At the change of plea hearing the court interrogated appellant to determine that the plea was voluntary and that there was a factual basis therefor, etc. The trial judge concluded by advising appellant that "[i]f you mess up, you are gone, do you understand that?"
Appellant failed to show up twice for scheduled sentencing hearings. When he finally became available for sentencing, a probation supervisor who had made the original probation recommendation and prepared the PSI declined to support that recommendation in view of appellant's failure to appear for the scheduled sentencings. Defense counsel advised the court that, if it was not disposed to honor the plea bargain, *1001 appellant wished to withdraw the negotiated plea of nolo contendere. The trial court refused to allow withdrawal of the plea; it adjudicated appellant guilty and sentenced him to five years in prison. From that judgment and sentence he has perfected this appeal.
All of the cases involving the acceptance of a bargained plea hold the trial court should allow a defendant to withdraw the plea in the event the trial judge finds he cannot adhere to the sentencing part of the bargain. See, e.g., Kurlin v. State, 302 So.2d 147 (Fla. 1st DCA 1974); Pringle v. State, 341 So.2d 535 (Fla. 2d DCA 1977). The only exception to that rule should be that a defendant who through his own fault has made it inappropriate for the court to comply with the bargain will not be allowed to withdraw his plea if some prejudice has accrued to the State in the interim.
As we read this record no showing of prejudice to the State has been made. Therefore, before the trial court refused to allow withdrawal of appellant's plea it should determine that the state has been prejudiced by the delay. If no such prejudice is shown, appellant should be allowed to withdraw his nolo contendere plea and enter such plea as he may be advised.
Accordingly, we reverse the judgment and sentence appealed from and remand the cause with directions to hold an evidentiary hearing to determine the question of prejudice. If it is determined that the State has been prejudiced by the delay in appellant's not appearing for his scheduled sentencing, the court may proceed to resentence appellant without regard to the bargain. However, if no prejudice is shown, the court shall allow appellant to withdraw his plea and enter such plea as he may desire.
REVERSED AND REMANDED, with directions.
DOWNEY and BERANEK, JJ., concur.
LETTS, C.J., dissents, with opinion.
LETTS, Chief Judge, dissenting:
The judge initially agreed to probation without incarceration, but changed his mind and instead gave the defendant five years in jail when he failed to show up for two successively scheduled sentencing hearings.
There can be no doubt that under ordinary circumstances, where a defendant has entered into a negotiated plea agreement and is surprised by a sentence contrary to his expectations, the court should permit a withdrawal of a nolo plea. As the Supreme Court said in Brown v. State, 245 So.2d 41, 44 (Fla. 1971):
[A] judge should be liberal in the exercise of his discretion and allow withdrawal of a plea of guilty where it is shown ... that the plea was based on a failure of communication or misunderstanding of the facts.
Further as this Court noted in Enos v. State, 272 So.2d 847, 850 (Fla. 4th DCA 1973) quoting from Barker v. State, 259 So.2d 200 (Fla. 2d DCA 1972):
We hold ... that if a trial judge concurs in a plea bargain ... which contemplates sentence or charge concessions ... but he later decides that final disposition should not include such concessions . .., it is his affirmative duty ... to call upon the defendant to either affirm or withdraw his plea ... under the assumption of course that there was no trickery or fraud perpetrated by the defendant... .
As I apply these two quoted pronouncements to the instant case, I do not think there was any failure of communication or misunderstanding of the facts. To the contrary, there appears to have been outright trickery and fraud perpetrated on the judge after he agreed to the negotiated plea. Here the judge acquiesced to the plea in open court, subject only to a satisfactory pre-sentence investigation, and in front of the defendant set the exact time and place for a sentencing date. He then released the defendant on his own recognizance accompanying that release with the stern warning that "If you mess up, you are gone, do you understand that?"
*1002 The judge's reward for his compassion and kindness was to have the defendant take off and not appear for the sentencing. The Court, showing further compassion, contacted the defendant personally and commanded him a second time to appear for sentencing on an alternative date. However, he chose once again to ignore his appointment and only appeared on a third occasion, months later, after he was apprehended when allegedly committing other crimes. Thus without any mistake, misunderstanding, or reasonable explanation in the record,[1] he twice openly disobeyed the trial judge. This being so I do not think it is proper to compel the judge to let the defendant withdraw his plea at the eventual sentencing hearing, especially where the trial judge apparently does have some discretion in the matter. See Brown, supra. To me it would appear that any defendant should be estopped to take advantage of his own wrongful, criminal act.
NOTES
[1] His sole argument was that he did not receive notice of the sentencing. The record is replete with evidence to the contrary and the trial judge was unimpressed with the excuse. So am I.