430 So.2d 574 (1983)
Tom FOLSKE, Appellant,
v.
STATE of Florida, Appellee.
No. 82-442.
District Court of Appeal of Florida, Fifth District.
May 4, 1983.
Charles G. Brackins, of Meldon & Brackins, Gainesville, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Shawn L. Briese, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Folske appeals from his judgment and sentence of five years imprisonment for possession of cannabis. He argues that the trial judge erred in denying his motion to enforce a claimed plea bargain, or alternatively, his motion to withdraw his guilty plea. We agree the trial judge erred in denying Folske's motions, based on this record.
The record shows that on October 5, 1972, Folske and two other defendants, McDonald and Kessler, were charged with possession of cannabis, and sale and delivery of cannabis.[1] Kessler was also charged with possession of lysergic acid diethylamide.[2] Folske and Kessler pleaded guilty to the two counts involving cannabis in November of 1972 and McDonald pleaded guilty to the two counts in December of 1972.
In January of 1973, Kessler and McDonald were sentenced to a one thousand dollar ($1,000.00) fine, or if the fine were not paid within a certain time, to one year in the county jail. The record fails to show why Folske was not also sentenced at that time. His sentencing was set for March 5, 1973. He failed to appear, and a capias was issued on March 13, 1973.
At the sentencing hearing on March 5, 1973, Folske's attorney, Bryan, was present. Bryan said he was not sure whether he was *575 supposed to notify Folske of the hearing. He apparently had not, nor does the record show that Bryan had received notice of the hearing. The judge asked if the bonding company had been notified. It had been. Bryan said he thought Folske may have posted a cash bond, indicating his doubt as to whether the bonding company had notified Folske.
On July 10, 1973, a sentencing hearing was scheduled. Folske again did not appear. The record shows notice of the hearing was given to the bonding company, but there is no transcript of the hearing in the record. Another capias was issued on July 10, 1973. It was not executed on Folske until December 14, 1981.
Counsel for Folske argued at the sentencing hearing that Folske, not the State, was the initiating force behind the sentencing. In 1981, while Folske was in custody for another offense, he told a Federal probation officer in Gainesville about his arrest in 1972. An affidavit executed by Folske claimed that he thought he had paid through his attorney a one thousand dollar ($1,000.00) fine in that case. He had lived openly in Alachua County since 1973, held employment there, rented an apartment, paid his utilities under his proper name; all with no effort to evade sentencing. Folske, Bryan and the attorney for McDonald all filed affidavits saying they and the prosecutor and Judge Nelson[3] had agreed to the one thousand dollar ($1,000.00) fine or one year sentence for all three defendants. Folske was so advised, and he claims in an affidavit that was the sole reason he pleaded guilty.
In denying Folske's motion to enforce the claimed plea bargain, Judge Eastmoore relied solely on the transcript of the guilty plea proceeding and on a telephone call (outside the record) to Judge Nelson.[4] He quoted the following colloquy:
THE COURT: Mr. Folske, do you understand I'd like to know have there been any promises or threats made to you?
THE DEFENDANT: No.
THE COURT: You're submitting yourself to the sentencing of the Court and that is being done voluntarily on your part?
THE DEFENDANT: Yes, sir.
THE COURT: Of course the Court is going to get a Presentence Investigation and review this. After the Court considers what the background is, the Court will adjudicate what the sentence would be.
THE DEFENDANT: Yes, sir. That has got a lot of bearing.
THE COURT: Under those circumstances, the Court will accept the pleas of guilty to the first count and the plea of attempted to the second count.
Folske's affidavit stated that he had been advised by his attorney to answer the questions in the way he did, in order to get the plea bargain carried out.
Although Judge Eastmoore's conclusion, based on the transcript of the plea proceeding, is logical, we think he failed to focus on the key issue in this case: whether the defendant pleaded guilty because of his reasonable reliance on his attorney's advice, which in turn was based on the attorney's honest mistake or misunderstanding. If there were such reliance on his attorney's actual misunderstanding or mistake, then a defendant should be allowed to withdraw his plea. Costello v. State, 260 So.2d 198 (Fla. 1972); Brown v. State, 245 So.2d 41 (Fla. 1971). Here the affidavits from Folske and the two attorneys establish there was a sufficient basis to find that such actual misunderstanding or mistake existed. We think this issue should be determined by testimony at a hearing.
A further problem in this case is the lengthy delay between the entry of the plea (1972) and the sentencing (1982). The record *576 indicates the State may be prejudiced to prosecute anew because evidence has been destroyed. If the delay in sentencing were attributable to Folske rather than the State, and if there is prejudice to the State from the delay, then the trial court may be justified in refusing Folske's motion to withdraw his plea. Reaves v. State, 417 So.2d 1000 (Fla. 4th DCA 1982).
However, the record indicates that the delay in sentencing may be due to the State's failure to enforce its capias; that Folske did not have notice of the sentencing hearing; and that he remained present and available at all times, in Alachua County, for arrest and sentencing. These facts also should be determined at an evidentiary hearing. If fault on the part of Folske is found, and prejudice on the State to prosecute this case now exists, Reaves would apply. If the State shares in any substantial measure the blame for the delay in sentencing, then Reaves would not apply. In such case, the lower court could either allow Folske to withdraw his guilty plea or it could, as counsel for Folske urged at oral argument, enforce the plea bargain as understood by Folske.
For the reasons herein stated, the judgment and sentence are reversed and this cause is remanded for further proceedings. We further note that if possible, the judge who originally accepted the plea, Judge Nelson, should handle this matter.[5]
REVERSED AND REMANDED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] § 404.01 and § 404.02, Fla. Stat. (Supp. 1972).
[2] Id.
[3] Judge Nelson was the original sentencing judge in 1973. But in 1982, he was no longer assigned to criminal matters in Putnam County. Judge Eastmoore then held that assignment.
[4] Obviously, a telephone call off the record is not a proper basis to support the trial court's rulings in this case.
[5] See Fla.R.Crim.P. 3.700(c).