433 So.2d 627 (1983)
Jack C. COLEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 82-2613.
District Court of Appeal of Florida, Second District.
June 22, 1983.
Jerry Hill, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Frank Lester Adams, III, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Acting Chief Judge.
Jack C. Coleman appeals his judgment and four-year sentence for burglary, contending that the trial court erred in denying his motion to withdraw his guilty plea. We reverse.
Appellant pled guilty before Judge Parker pursuant to a plea bargain with the court that he would not receive more than a year and a day in prison. Prior to formal entry of the plea and the trial court's offer of the sentencing cap, appellant's counsel represented to the court in appellant's presence that his client had never been given an opportunity for probation. Sentencing was deferred in order to obtain a presentence investigation report (PSI).
The PSI revealed that appellant was currently on probation for a burglary in Tampa. Appellant's counsel stated at the sentencing hearing that he had not been aware of this fact at the plea hearing. When the sentencing judge, Judge Federico, stated that he did not feel bound by the terms of the original agreement due to the misrepresentation, defense counsel requested permission to withdraw appellant's guilty plea. The court denied the motion and sentenced appellant to four years in prison.
It is the rule in Florida that when the trial court determines that it cannot *628 honor the terms of an earlier plea bargain, the defendant must be given an opportunity to withdraw his guilty plea. E.g., Brown v. State, 245 So.2d 41 (Fla. 1971). Thus, when the trial court determined that it would not honor the terms of the prior plea agreement, it was incumbent upon the court to grant appellant's motion to withdraw his guilty plea.
However, we empathize with Judge Federico's outrage at the fraud perpetrated upon Judge Parker which induced him to offer a lenient sentencing cap to appellant. We, too, are concerned that the rule we follow here may reward defendants who may feel that they can make false representations through counsel with impunity. We suggest that one way to avoid this is for the trial court to state before the plea is formally tendered and accepted that sentencing concessions will not be honored at sentencing if material misrepresentations are later found to have been made to induce those concessions. See Nesmith v. State, 374 So.2d 1139 (Fla. 2d DCA 1979). Another option would be to require the defendant himself to testify under oath to the mitigating facts the court is relying on to justify its offer of leniency. If that testimony subsequently proves false, then perjury and/or other appropriate criminal charges can be brought against the defendant.
Accordingly, appellant's judgment and sentence are REVERSED and the cause REMANDED with directions to permit appellant to withdraw his guilty plea.
GRIMES and DANAHY, JJ., concur.