440 So.2d 501 (1983)
Edward BEN, Appellant,
v.
STATE of Florida, Appellee.
No. 83-807.
District Court of Appeal of Florida, Second District.
November 9, 1983.
Jerry Hill, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
*502 Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
Edward Ben appeals his conviction and sentence for robbery after the trial court denied his motion to withdraw his nolo contendere plea.
Pursuant to a plea bargain, Ben pled nolo contendere to a charge of robbery, reserving his right to appeal a motion to dismiss. At that time his counsel represented to the court that Ben's only prior conviction had been for a traffic violation. The plea bargain contemplated that Ben could receive any sentence from probation up to two years in prison. The court withheld adjudication of guilt, and then ordered a presentence investigation.
The subsequent PSI revealed that Ben was also known as Edward Lee Gallon and that he had a prior felony conviction under the Gallon name. At sentencing his counsel stated that he had not previously been aware of Ben's second identity or record. Nevertheless, counsel requested that the court either abide by its original disposition of the case or else permit Ben to withdraw his plea. The court denied the motion on the basis that Ben had attempted to perpetrate a fraud upon the court. The court then sentenced Ben to ten years imprisonment as an habitual offender.
This case is controlled by our decision in Coleman v. State, 433 So.2d 627 (Fla. 2d DCA 1983), which requires the court to permit even a fraudulent defendant to withdraw his plea if it determines not to follow the plea bargain. In Coleman we did suggest two alternatives for dealing with the problem of material misrepresentations by a defendant or his counsel in a plea bargain situation. Although we do not condone Ben's behavior in any manner, he should have been given the opportunity to withdraw his plea.
In light of our disposition on point I, we need not reach Ben's other issue.
REVERSED and REMANDED with directions to offer Ben the opportunity to withdraw his plea.
HOBSON, A.C.J., and CAMPBELL, J., concur.