446 So.2d 250 (1984)
Richard Brooks PARKER, Appellant,
v.
STATE of Florida, Appellee.
No. 83-371.
District Court of Appeal of Florida, Fifth District.
March 8, 1984.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
LEE, R.E., Associate Judge.
Richard Brooks Parker appeals from a sentence to three years in prison, following the denial of his motion to be allowed to withdraw his previously entered plea of nolo contendere. We find that the court did not err, and the appeal is denied.
*251 Parker was charged under section 893.13(1)(a), Florida Statutes (1981), with delivery of cannabis. On July 15, 1982, he pleaded nolo contendere to the charge. The plea was entered pursuant to negotiations between his attorney and the state, which provided that adjudication be withheld, and that the appellant be placed on probation following a presentence investigation. At the plea hearing, this dialogue occurred:
THE COURT: The tenor of my sentence would be to put you on probation. I'll give you credit for the time that you have spent in jail. You spent about three months in there.
DEFENDANT: Over four months.
THE COURT: I will give you credit for all of that and require you to take some mental health counselling, and we'll see if we can get you transferred back to North Carolina. I don't know that Dade County is going to do this but this is what I'm going to try to do. Now, you have got to help me. If I do this, you are going to have to keep us notified where you live. Also, don't get arrested for a new felony charge between now and the time of your sentencing, and you had better be back here in Court when it says on that piece of paper because if you don't, I'm not going to give you that probationary sentence. I'm going to give you some time up in the Department of Corrections. Do you agree to those conditions?
DEFENDANT: Yes, sir, Your Honor.
When the appellant's sentencing date of October 4, 1982 arrived, the appellant did not. The trial judge issued a capias, and the appellant was subsequently located in Georgia, arrested, and extradited back to Orange County for sentencing.
At the sentencing hearing, the appellant explained that some of his fellow drug traffickers had escorted him out of the state and warned him not to come back, but this explanation failed to impress the trial judge, since the appellant had not previously notified either the court or his own attorney of these facts.
The judge then adjudicated the appellant guilty of the charge of delivery of cannabis, and suggested that the appellant's attorney move for withdrawal of the nolo plea in order to preserve the record. This was done and the court denied the motion and sentenced appellant to serve three years in the Florida Department of Corrections. The appellant then appealed the trial court's denial of the motion to withdraw the previously entered plea of nolo contendere.
Appellant cites Reaves v. State, 417 So.2d 1000 (Fla. 4th DCA 1982), but we do not feel that Reaves applies here. In Reaves, the court stated:
The only exception to the rule should be that a defendant, who through his own fault has made it inappropriate for the Court to comply with the bargain, will not be allowed to withdraw his plea if some prejudice has accrued to the State in the interim.
We hold that the state was sufficiently prejudiced by having to go through the appellant's arrest and extradition from another state that such would be sufficient to satisfy the Reaves test.
Coleman v. State, 433 So.2d 627 (Fla. 2d DCA 1983), upheld the general rule that the court should allow the plea to be withdrawn if the court cannot comply with its agreement; however, the court stated:
We suggest that one way to avoid this is for the trial court to state before the plea is formally tendered and accepted that sentencing concessions will not be honored at sentencing if material misrepresentations are later found to have been made to induce those concessions.
If material misrepresentations on the part of the defendant are of sufficient materiality and importance to allow the court to avoid the general rule, then so much more important should be the facts of the instant matter where the court stood, on October 4, 1982, ready, willing and able to live up to its side of the agreement, but the defendant was sojourning in the Great State of Georgia.
Finally, we would distinguish this case from Folske v. State, 430 So.2d 574 (Fla. *252 5th DCA 1983). In Folske, we held that the defendant's failure to appear for sentencing may have been due to "his reasonable reliance on his attorney's advice, which in turn may have been based on the attorney's actual misunderstanding or mistake." In the matter before us, there was no mistake. The court clearly stated to the appellant, "[A]nd you had better be back here in Court when it says on that piece of paper because if you don't, I'm not going to give you that probationary sentence; I'm going to give you time in the Department of Corrections." The appellant, asked if he agreed with these conditions, answered, "Yes, sir, Your Honor."
We hold that the appellant clearly understood the conditions with which he had to comply. When he said, "Yes, sir, Your Honor," indicating that he agreed to the conditions, he assisted in the construction of his own petard. Having done so, he has no grounds for complaint when he is hoisted by it.
AFFIRMED.
ORFINGER, C.J., and COBB, J., concur.