MILLS, Judge,
dissenting:
I dissent. I would affirm.
Shaw was arrested and charged with two counts of burglary, two counts of possession of burglary tools, one count of forgery, one count of uttering a forged instrument, and one count of resisting an officer with violence. Trial was set for 22 February 1983, but pursuant to plea bargaining Shaw changed his plea to guilty on that date.
It was agreed by Shaw, the State and the trial court that Shaw would receive a sentence of not more than a total of nine years in the seven cases pending against him. Shaw requested a continuance on sentencing so that he could get his personal affairs in order. The trial court postponed sentencing until 2 March 1983, and Shaw was released on his own recognizance.
Between 22 February and 2 March, Shaw committed another burglary for which he was arrested and incarcerated. On the sentencing date, the trial court noted Shaw’s conduct while he was free on recognizance and refused to follow the plea agreement. Shaw was sentenced to five years on each of the seven counts, with five of the sentences to run consecutively, and two to run concurrently, for a total of 25 years.
Shaw subsequently filed a 3.850 motion, asking the trial court either to abide by the terms of the plea agreement or to allow him to withdraw his plea. The motion was denied by the trial court without a hearing.
I do not find from the record that the trial court accused, tried, convicted and punished Shaw for the “bad news” it heard about him. I do not find that Shaw’s constitutional rights were violated. I do not find that the trial court committed error.
*309 I do find that the trial court was informed that Shaw, while at liberty on his own recognizance, was arrested while attempting to burglarize a business. I do find that during the sentencing hearing Shaw’s attorney stated, “Your Honor, the reason I’m trying to make this point forcefully is Mr. Shaw was aware that under any circumstances if he was arrested while he was out awaiting sentencing that the deal was off” and “Now, I know that the Court is going to take it into consideration because the deal was that if he got arrested, then the nine-year agreement was no longer valid.” I do find that the State’s Attorney stated, without objection or contradiction, that Shaw violated the Court’s order to not be arrested for any other crimes while he was out pending sentence. I do find that neither Shaw nor his attorney objected to the refusal of the trial court to abide by the plea bargained sentence of nine years. I do find that neither Shaw nor his attorney moved the trial court to withdraw his plea of guilty. I do find that Shaw violated the bargaining agreement. I do find that Shaw was aware that if he committed a crime while at liberty the trial court was not bound to impose the nine-year sentence. I do find that Shaw through his own fault made it inappropriate for the trial court to comply with the bargain. I do find that Shaw without any mistake, misunderstanding or reasonable explanation in the record violated the bargain. See Reaves v. State, 417 So.2d 1000 (Fla. 4th DCA 1982).
Under these circumstances the trial court did not abuse its discretion. I would affirm.