NIMMONS, Judge.
The defendant appeals from his conviction and sentence, he having entered a plea of nolo contendere to the offense of manslaughter. He claims that the trial court erred in denying the defendant’s motion to withdraw his nolo plea after defense counsel learned that the trial court was going to impose a ten-year sentence instead of a five-year term as contemplated under the negotiated plea. We agree and reverse.
The trial judge apparently thought that it was clear from the proceedings conducted at the time of the entry of the nolo plea that the only understanding was that the court would impose a five-year sentence if the sentencing guidelines range in the defendant’s case proved to be within the range of three to seven years but, if the guidelines range turned out to be greater than the three to seven year range, the court would be at liberty to impose a sentence within such greater range. On the contrary, the record is not clear that such was the agreement. The following are the excerpts from the plea dialogue dealing with the sentence negotiations:
MR. HELLMUTH [Defense Counsel]: Your Honor, first to maybe allay Mr. Williams’ fears, I guess I should on the record state that we entered the plea with the understanding that the state has recommended a sentence of five years in this case and the court has agreed to go along with that sentence.
THE COURT: That’s not true, He’s sentenced under the guidelines and the guidelines give a range, the middle of which is five years. The state would recommend five years and the court indicated it would impose that.
MR. HELLMUTH: I understand.
THE COURT: Is that the understanding?
MR. MITCHELL [Prosecutor]: Is he going to affirmatively move to proceed under the guidelines?
THE COURT: He will, but that’s what I was telling him.
[[Image here]]
THE COURT: Oh, okay. You understand that the maximum allowed by law is 15 years, but under the negotiations I will order a presentence investigation and they say the guidelines will come up within five years and that I will sentence you to five years. Do you understand that?
THE DEFENDANT: Yes, sir.
The court ordered a presentence investigation and scheduled sentencing for four weeks later. When the case was called up for sentencing, defense counsel announced to the court that he understood that the state and the court were no longer agreeable to a five-year sentence and requested leave to withdraw the nolo plea if that understanding was correct. The judge responded that he did not agree that the court was limited to a five-year sentence. The judge stated that the agreement bound the court only to the imposition of a sentence which would fall within the guidelines-recommended sentence according to the guidelines scoresheet which would be prepared in the case.
The state and the court were apparently laboring under the impression that the defendant would fall within a three to seven year range under the guidelines. The defendant had withheld certain out-of-state prior convictions and the fact that he was wanted on a parole violation charge from *1238 another state. Consequently, when his true criminal history was discovered during the presentence investigation, the sentence range under the guidelines turned out to be seven to twelve years instead of the anticipated three to seven year range. The court sentenced the defendant to ten years.
The trial judge, as he was required to do prior to accepting the defendant’s nolo plea, tried to articulate the negotiations regarding the sentence to be imposed. We believe that a reasonable construction of -the statements made by the trial judge was that the defendant would be sentenced to five years in exchange for waiving his various rights and entering a nolo plea. When, as here, the defendant conceals or fails to disclose information material to the impending sentence, the defendant should not be allowed to enforce the agreement. But neither is the court allowed, under such circumstances, to impose a sentence greater than that which the court said it would impose. Instead, in the absence of prejudice to the state,[1] the defendant must be permitted to withdraw his plea and proceed to trial. See Ben v. State, 440 So.2d 501 (Fla. 2nd DCA 1983); Coleman v. State, 433 So.2d 627 (Fla. 2nd DCA 1983); Reaves v. State, 417 So.2d 1000 (Fla. 4th DCA 1982); cf. Brown v. State, 245 So.2d 41 (Fla.1971); Shaw v. State, 449 So.2d 976 (Fla. 1st DCA 1984); Kurlin v. State, 302 So.2d 147 (Fla. 1st DCA 1974); State ex rel. Wilhoit v. Wells, 356 So.2d 817 (Fla. 1st DCA 1978). The trial court, therefore, erred in denying the defendant’s motion to withdraw the nolo contendere plea.
REVERSED.
SMITH, J., concurs.
MILLS, J., dissents.

. The state has not claimed prejudice either in the trial court or on appeal.