463 So.2d 1230 (1985)
Bernard BROWN, a/K/a Renard D. Johnson, Appellant,
v.
STATE of Florida, Appellee.
No. AY-397.
District Court of Appeal of Florida, First District.
February 18, 1985.
*1231 Michael Allen, Public Defender, and Douglass P. Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Andrea Smith Hillyer, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Appellant appeals his judgment of conviction and sentence for forgery. We affirm appellant's conviction and hold that: (1) appellant's right against double jeopardy was not violated; and (2) appellant was not entitled to an opportunity to withdraw his plea before sentencing.
Appellant, defendant in the proceedings before the trial court, was charged on September 26, 1983, with forgery and uttering a forged credit card.
On November 1, 1983, pursuant to negotiations, appellant appeared before the trial court and entered a plea of nolo contendere to the forgery charge. In exchange, the other count was dropped by the State. The court subsequently accepted the plea and appellant chose to be sentenced under the sentencing guidelines. The court deferred sentencing and ordered a presentence investigation (PSI). On November 15, 1983, the court withheld adjudication and placed appellant on three years probation.
On February 14, 1984, an affidavit of violation of probation was filed alleging that appellant had been arrested for grand theft and escape and that appellant had given a false name when arrested for the instant forgery. An amended affidavit alleged that appellant owed $.50 in court costs and that he had been sentenced to three and one half years for the escape.
On March 30, 1984, appellant appeared before the trial court for a probation violation hearing. Appellant stipulated that he had previously given a false name in the instant case. Appellant's probation officer testified that appellant's true name was Renard D. Johnson and that he had been arrested on January 20, 1984, for grand theft and escape. The escape allegedly occurred in October 1982 from the Jacksonville *1232 Community Correctional Center and the grand theft allegedly occurred in October 1983. (The grand theft charge had been dropped by the State in the interim.) The court noted that both of the alleged occurrences predated its probation order. Nevertheless, the court set aside the probation order and ordered a new PSI. Subsequently, on April 6, 1984, appellant was adjudicated guilty of forgery and sentenced to four years in state prison. This appeal followed.
Appellant first contends that the trial court violated appellant's right against double jeopardy by vacating the probation order and imposing a four-year prison sentence nearly five months after said order was entered. We disagree.
The general rule regarding the right against double jeopardy is that once a defendant has begun serving a sentence, double jeopardy protections attach and the sentence cannot thereafter be increased. Ex Parte Lange, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1874). Appellant's argument that the probation order constituted a sentence is incorrect. In placing a defendant on probation, Florida's courts must "withhold the imposition of sentence." § 948.01(3), Fla. Stat. (1983). In addition, a sentence can only be imposed following an adjudication of guilt. Rule 3.700(a), Fla.R. Crim.P.; Corn v. State, 332 So.2d 4 (Fla. 1976). Appellant in the instant case was not adjudicated guilty until April 6, 1984, when the court imposed a sentence for the first and only time. Until that date, jeopardy did not attach and the court retained jurisdiction to properly amend any earlier, in effect, inchoate, pronouncement. Farber v. State, 409 So.2d 71 (Fla. 3d DCA 1982).
We note that the double jeopardy argument was not raised by appellant in the court below and is generally waived when raised for the first time on appeal. Bell v. State, 262 So.2d 244 (Fla. 4th DCA), cert. denied, 265 So.2d 50 (Fla. 1972).
In the alternative, appellant contends that he should have been afforded the opportunity to withdraw his plea because the sentence imposed by the court did not comport with the plea agreement. Again, we must disagree.
Although we agree with appellant that such an opportunity would be appropriate and necessary under those circumstances, State ex rel. Wilhoit v. Wells, 356 So.2d 817 (Fla. 1st DCA 1978); Williams v. State, 448 So.2d 1236 (Fla. 1st DCA 1984), the facts in this case reflect a different situation. Appellant agreed to plead nolo contendere to the charge of forgery and in exchange, the State dropped a second charge of uttering a forged credit card. Appellant elected, as was his right, to be sentenced pursuant to Florida's sentencing guidelines. Pursuant to said guidelines, the appellant was informed that he could be sentenced to a prison term not to exceed five years. The presentence report prepared for the court in November 1983 persuaded the court that a probation order would be appropriate. Pursuant to Rule 3.700(a), Fla.R.Crim.P., and § 948.01(3), Fla. Stat. (1983), the court therefore withheld adjudication of guilt. Inasmuch as said presentence report later proved to have been prepared based on appellant's fictitious name, the court, in April 1984, ordered a new report reflecting appellant's true background. Based on this second PSI, the court determined that probation was not appropriate. The court subsequently adjudicated appellant guilty and pursuant to the guidelines, sentenced appellant to four years of incarceration.
The plea agreement did not contemplate probation for appellant as a part of the bargain. Appellant agreed to plead nolo to the forgery and, pursuant to the guidelines, was informed that he could receive a maximum sentence of five years incarceration. Appellant did not at any time thereafter indicate that he no longer wished to proceed with the bargain or that he wished to withdraw his plea. Since all conditions of said agreement were complied with, we affirm on this issue as well.
*1233 Accordingly, appellant's conviction and sentence for forgery is AFFIRMED.
BOOTH, J., and TILLMAN PEARSON (Ret.), Associate Judge, concur.