## MAKER v. STATE OF FLORIDA
Case No. 84-127-AC

Eleventh Judicial Circuit, Appellate Division, Dade County

August 8, 1985

### APPEARANCES OF COUNSEL

**Gelber, Glass & Durant, P.A.,** for appellant.

**Jim Smith,** Attorney General, for appellee.

Before MASTOS, SALMON and SHAPIRO, JJ.

### OPINION OF THE COURT

PER CURIAM.

Appellant, Robert Maker, was charged with a violation of Section

316.072(3), Fla. Stat., wilfully refusing to comply with a lawful order of a police officer. A non-jury trial was conducted before a County Court Judge on May 8, 1984. Appellant first contends the Trial Court erred by not granting his motion for judgment of acquital either at the close of the State's case or at the close of all the evidence. Appellant's contention is without merit.

The evidence was such that the trier of fact could have and did find Appellant guilty of the charges. It is not for the Appellate Court to reverse a conviction where that conviction is based on weight of evidence. *Tibbs v. State*, 397 So.2d 1120 (Fla. 1981).

Appellant next contends the Trial Court denied Appellant due process by refusing to withhold adjudication due to Appellant's invocation of right to trial pursuant to the Sixth Amendment. The facts refute Appellant's contention.

After hearing testimony and argument, the Trial Court found Appellant guilty, adjudicated him guilty, and imposed a fine. Thereafter, Appellant's counsel asked the Court to reconsider the adjudication, vacate same and withhold adjudication. The Trial Judge refused to do so allegedly based on the fact Appellant had caused the Court to conduct a forty-five minute trial.

Section 316.072(3) makes Appellant's violation a misdemeanor of the second degree punishable as provided in Section 775.082 or Section 775.083, Fla. Statutes. The latter section authorizes the imposition of a fine as a sentence in addition to or in lieu of a jail term. The imposition of a fine is a sentence. A sentence can only be imposed following an adjudication of guilt. *Brown v. State*, 463 So.2d 1230 (Fla. 1st DCA 1985). Florida Statute Section 948.01(3) allows the Trial Court to withhold adjudication when the Court places an individual on probation. No other provision in the Florida Statutes permits such action by the Trial Court. At the point Appellant's counsel requested a withhold of adjudication, the Trial Judge had already sentenced Appellant and had not placed him on probation. While the Trial Court could have vacated the adjudication and sentence and placed Appellant on probation thereby authorizing a withhold of adjudication, the Court was not required to do so. There is no indication in the record that sentence was imposed due to Appellant's exercise of his right to trial. Any improvident statement by the Court after the imposition of sentence should not be considered.

Based on the foregoing, Appellant's adjudication of guilt is affirmed.

IT IS SO ORDERED.