WIGGINTON, Judge.
This appeal was filed pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We affirm the judgment and sentence imposed with a minor notation that the scoresheet as presented in the record erroneously assessed one point for a nolle prossed battery offense and five points for slight victim injury not identified in the order of probation but presumably in reference to the battery. However, although the errors were harmless since the corresponding cell remained unchanged, the scoresheet should be corrected.
Nonetheless, the record shows that costs were imposed on the written judgment pursuant to sections 960.20, 943.25(4), and 943.25(8), Florida Statutes, as well as “additional court costs” of $225 as a condition of probation. Since appellant was not afforded adequate notice and a judicial determination that he had the ability to pay, the assessment of those costs was erroneous despite the lack of a contemporaneous objection. See Wood v. State, 544 So.2d 1004 (Fla.1989). Consequently, we strike the cost provision without prejudice to the State to seek reassessment after proper notice to appellant. Ayers v. State, 538 So.2d 545 (Fla. 1st DCA 1989).
BOOTH and BARFIELD, JJ., concur.