547 So.2d 238 (1989)
Aaron JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2753.
District Court of Appeal of Florida, First District.
July 18, 1989.
*239 Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert Butterworth, Atty. Gen., and Virlindia A. Sample, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Johnson has appealed from judgments and sentences entered after his pleas of nolo contendere to two counts of uttering a forged instrument, trafficking in stolen property and burglary of a structure. We reverse.
Johnson executed a "plea, waiver and consent form" at the time his pleas were entered, which indicated his understanding "that I, my attorney, the assistant state attorney and the judge have agreed that I will receive a sentence within the recommended guideline range." Elsewhere, however, on the form is the handwritten notation: "Guidelines sentence-community control." Further, at the plea entry hearing, Johnson's counsel stated that "the only terms of the plea agreement is [sic] that he receive a guidelines sentence, which we believe to be in the community control range."
When he entered his pleas, Johnson took the position that five convictions then being attributed to him under an alias were not, in fact, his. However, a subsequent fingerprint match showed that the convictions were correctly attributed to Johnson. As a result of the additional convictions, the recommended guidelines range at sentencing was not community control, but rather 2 1/2 to 3 1/2 years incarceration. Johnson was sentenced to three years incarceration on each charge, with varying terms of probation to follow. He was ordered, without notice or hearing, as a condition of probation, to pay court costs, statutory fees and attorney's fees in each case.
When a negotiated plea cannot be honored by the trial judge, the defendant may withdraw his plea and the trial court has an affirmative duty to so advise him, Goldberg v. State, 536 So.2d 364 (Fla. 2d DCA 1988), notwithstanding that he made the bargain without disclosing prior convictions not yet discovered by the authorities. Even if the trial court adheres to the bargain, opportunity to withdraw must be afforded if the plea itself was induced by some mistake or misunderstanding. Tobey v. State, 458 So.2d 90 (Fla. 2d DCA 1984).
There is no mistake or misunderstanding sufficient to support withdrawal of a plea if the defendant agrees to a plea bargain knowing, but not disclosing, a prior record additional to that known by the authorities at the entry of the plea, if no sentence has been specified. Goff v. State, 498 So.2d 1035 (Fla. 1st DCA 1986). Here, the authorities had knowledge of the convictions but, because they were committed under an alias, Johnson maintained that they were incorrectly attributed to him until fingerprint matches belied that contention. Because he knew or should have known the extent of his own record at the entry of the pleas, it cannot be said that Johnson was induced to enter them by mistake or misunderstanding. Goff.
However, even given the later discovery of a record concealed by the defendant at the entry of his plea, the opportunity to withdraw must be given if, because of that additional record, the trial court determines to impose a sentence greater than that agreed upon. In this case, the record is susceptible of the reasonable inference that Johnson was promised a sentence of community *240 control in exchange for his plea. Therefore, when the addition of the concealed record resulted in an increase in the agreed sentence, Johnson should have been given the opportunity to withdraw his pleas. We therefore reverse the judgments and sentences entered herein, and remand with directions to afford Johnson that opportunity.
Based on this disposition, we do not address the remaining points raised by Johnson on appeal. We note, however, that assessment of statutory and court costs as a condition of probation, absent adequate notice and a judicial determination of ability to pay, is erroneous. See Clarke v. State, 544 So.2d 350 (Fla. 1st DCA 1989); Washington v. State, 545 So.2d 443 (Fla. 1st DCA 1989).
Reversed and remanded with directions.
SHIVERS, C.J., and ERVIN, J., concur.