PETERSON, Judge.
Isiah Nazareth Fields appeals the judgment and sentence imposed following the denial of his motion to withdraw his plea of no contest.
*1378 Fields was originally granted a mistrial following a jury verdict of guilty of one count of perjury perpetrated on April 19, 1988. The state then filed an amended information charging Fields not only with the original count of perjury, but with a second count of perjury allegedly also committed on April 19, 1988. In this appeal, Fields argues that adding the second count demonstrated prosecutorial misconduct and constituted a violation of double jeopardy principles. Because the allegations of prosecutorial misconduct and double jeopardy violation arose out of circumstances preceeding the plea agreement and there was no express reservation of a right to appeal, no right of direct appeal exists on these issues. Robinson v. State, 373 So.2d 898 (Fla.1979); see Skinner v. State, 399 So.2d 1064 (Fla. 5th DCA 1981); § 924.06(3), Fla.Stat. (1989); Fla.R.Crim.P. 3.170.
Fields also argues that, when he pled no contest to the two counts of perjury in exchange for “six months off the top of whatever the top range of the guidelines sentence is that he may score in this particular case,” he did not have an intelligent understanding of the maximum penalty which could be imposed for the offenses. He asserts that this court’s decision in Walker v. State, 546 So.2d 764 (Fla. 5th DCA 1989), changed the law subsequent to the date of his plea agreement and that change placed him into a higher cell than he originally envisioned. Walker allows points to be assessed for legal constraint for each offense which occurred while a defendant was under legal constraint. Walker has since been followed in Carter v. State, 571 So.2d 520 (Fla. 4th DCA 1990), and in Flowers v. State, 567 So.2d 1055 (Fla. 5th DCA 1990), and rejected by Scott v. State, 574 So.2d 247 (Fla. 2d DCA 1991), and by Lewis v. State, 574 So.2d 245 (Fla. 2d DCA 1991).
We agree with the denial of Fields’ motion to allow withdrawal of his plea of no contest. The basis for the motion was that the effect of the Walker decision was to place him in the fourth cell of his score sheet when he believed at the time he changed his plea to no contest that he would score in the third cell. Fields’ plea agreement, however, did not specify any definite cell or term of sentence to be imposed. Fields simply agreed to be sentenced to six months less than the top of whatever cell resulted from his score sheet. In agreeing to whatever cell his score sheet put him in, Fields cannot now complain that, when he made that agreement, he was thinking he would fall in a particular guideline cell. In short, it appears from our review of the record that the appellant in his plea agreement knowingly and intelligently accepted the risk that his guideline score sheet might ultimately place him in the fourth rather than the third cell. Compare Johnson v. State, 547 So.2d 238 (Fla. 1st DCA 1989), (denial of plea withdrawal reversed where written on the plea agreement form were the words “guideline sentence — community control” and the sentence given was incarceration).
The defendant responded affirmatively when the court asked him whether he was on probation at the time the plea was entered. The trial court also interrupted the sentencing hearing to allow Fields to verify that he was on probation for a prior felony on the date he committed the perjury. The trial court then recessed the hearing overnight to afford counsel the opportunity to research the Walker issue. Every consideration was given to Fields to support his motion for change of plea, and we agree with the trial court that inadequate support was presented to allow the change.
AFFIRMED.
W. SHARP and GRIFFIN, JJ., concur.