PER CURIAM.
The state appeals from sentences which represent a downward departure from the guidelines. We reverse and remand for resentencing.
Mr. Weston pleaded guilty to three third-degree felonies, each of which carries a statutory five-year maximum sentence. The recommended sentencing guidelines range was 12 to 17 years’ incarceration. The trial court imposed three five-year sentences, to be served concurrently. The trial court stated that the sentences were not departures from the guidelines because the statutory maximum for each felony was five years.
Mr. Weston concedes that based upon Branam v. State, 554 So.2d 512 (Fla.1990), the sentences are departures from the guidelines and must be reversed. Because the trial court did not believe it was imposing a departure sentence, on remand it may provide written reasons for departure. See State v. Vanhorn, 561 So.2d 584 (Fla.1990). If the trial court finds it cannot provide valid reasons to depart from the guidelines, then Mr. Weston should be given the opportunity to withdraw his plea. See Johnson v. State, 547 So.2d 238 (Fla. 1st DCA 1989).
DANAHY, A.C.J., and FRANK and ALTENBERND, JJ., concur.