586 So.2d 490 (1991)
Tommy Edward McCOLLUN, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2955.
District Court of Appeal of Florida, First District.
September 30, 1991.
Nancy A. Daniels, Public Defender and Lynn A. Williams, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Chief Judge.
Appellant appeals the sentence imposed pursuant to his negotiated plea of nolo contendere to the charge of tampering with a witness. The issues for review are the trial court's denial of appellant's request to withdraw his plea when the court decided to impose a sentence greater than that contemplated by the plea agreement, and the inclusion of a special condition in the written order of probation that was not pronounced at sentencing. We reverse.
The Plea, Waiver and Consent form signed by appellant and approved by the trial court contains the following provision:
17. I understand that the following special conditions apply to my sentence: Defendant enters his No Contest plea under the following conditions: He is to receive a sentence within the permitted guidelines sentence range  Defendant falls within Nonstate Sanctions, and the Court agrees not to sentence Defendant to state prison time; Fine up to $5,000; court costs; public service work hours; adjudication of guilt within the court's discretion.
At the plea proceeding, defense counsel advised the trial court that her sentencing guidelines calculations placed appellant within the nonstate prison sanction range. *491 Counsel further stated that the trial court had told her the court agreed not to sentence appellant to state prison, and that appellant understood that he might have to serve county jail time. The prosecutor confirmed that defense counsel accurately set forth the plea agreement.
The subsequent pre-sentence investigation report contained a notation that points for legal constraint had been scored due to an outstanding capias for a failure to appear in Alabama. When asked to review the final guidelines scoresheet at the sentencing hearing, appellant questioned the legal constraint points scored, stating it was his understanding that legal constraint meant probation. The trial court adjudicated appellant guilty, and sentenced him to three years incarceration in state prison, to be followed by two years probation. Defense counsel reminded the trial court that the plea agreement called for a nonstate prison sentence, stating that the discrepancy between the informal presumed guidelines calculation and the calculation following preparation of the pre-sentence investigation report was due to the legal constraint points. Counsel further stated that although she asked appellant if he was on probation, she did not inquire about a failure to appear. Finding that appellant agreed to a sentence within the permitted guidelines range, the trial court denied appellant's request to withdraw his plea.
When the trial court determines that it cannot honor a plea agreement, the defendant must be afforded an opportunity to withdraw his plea. Even if the alteration in the proposed sentence was due to the defendant's failure to disclose his prior record, withdrawal of the plea must be an option if a sentence greater than that contemplated by the agreement is imposed. Johnson v. State, 547 So.2d 238, 239-240 (Fla. 1st DCA 1989).
In Johnson, the defendant disputed five convictions attributed to him under an alias. A subsequent fingerprint match established that he had five prior convictions. The five prior convictions raised his recommended guidelines sentence from community control to 2 1/2 to 3 1/2 years incarceration. The court noted that Johnson presumably knew the extent of his own prior record, so it could not be said that he was induced to enter his pleas by mistake or misunderstanding. However, because the trial court determined to impose a sentence greater than that contemplated by the agreement, the court reversed the judgments and sentences, and remanded with directions to afford Johnson the opportunity to withdraw his pleas.
The plea agreement in this case called for a guidelines sentence, which all parties assumed would be in the nonstate prison sanction sentencing range. The record reflects that appellant answered truthfully when asked if he were on probation, and there was nothing to indicate that appellant deliberately concealed information about a failure to appear. Moreover, the written plea agreement expressly contemplated a nonstate prison sentence. In the circumstances, application of the rule articulated in Johnson v. State is required.
The state's reliance on Goff v. State, 498 So.2d 1035 (Fla. 1st DCA 1986) and Goene v. State, 577 So.2d 1306 (Fla. 1991), is misplaced. In Goff, the agreement contemplated a guidelines sentence, but no specific term was ever mentioned. Here, as in Johnson, the negotiated guidelines sentence expressly referenced a more specific sentencing disposition. Likewise, there was no plea conditioned upon a specific sentence in Goene. Goene had to do with inaccurate representations made to the court upon which a sentence was based, without reference to the entry of a plea.
The second issue concerns the inclusion of a special condition of probation in the written probation order that was not pronounced at sentencing. This issue is governed by Rowland v. State, 548 So.2d 812, 814 (Fla. 1st DCA 1989), where the court reiterated the rule that "[t]he inclusion of special conditions of probation in a written order that were not orally pronounced at the sentencing hearing mandate a reversal and remand for correction of the written order to conform to the oral pronouncement." See also Smith v. State, 558 So.2d 534 (Fla. 1st DCA 1990); *492 Williams v. State, 542 So.2d 479 (Fla. 2d DCA 1989).
Paragraph ten of the written probation order in this case requires appellant to pay one dollar per month to First Step, Inc., as directed by his probation officer. Since this provision was not pronounced by the trial court at the sentencing proceeding, it was error to include it in the written order.
Accordingly, the judgment and sentence is reversed and remanded, with directions to afford appellant the opportunity to withdraw his plea, or for sentencing in accordance with the terms of the plea agreement. If probation is made a part of the resentencing disposition, the written probation order must conform to the trial court's oral pronouncement at the sentencing proceeding.
ERVIN and BARFIELD, JJ., concur.