MICKLE, Judge.
Richard Hines appeals from judgment and sentences for three counts of grand theft, specifically alleging that the trial court erred in denying a motion to withdraw his nolo contendere plea. We reverse.
Pursuant to a plea bargain, Hines pled nolo contendere to three counts of grand *1114 retail theft. At that time, defense counsel and Hines represented to the court that Hines had no prior felony convictions and thus would fall within the nonstate prison sanction sentencing range. The plea bargain contemplated that Hines could receive up to a year in prison. The trial judge accepted the plea and released Hines with instructions to appear for sentencing in six weeks.
Hines failed to appear for sentencing and was not apprehended and brought before the trial court again until six years later in 1993. Upon apprehension, Hines immediately filed a motion to withdraw his plea, asserting that the trial court had failed to accept the plea formally. Following a hearing, the motion was denied.
At the sentencing hearing, the trial court noted that the presentence investigation report (PSI) reflected a myriad of prior felony convictions as well as the use of approximately twelve aliases and several social security numbers. Defense counsel informed the trial court that Hines now acknowledged having-been convicted of a felony in 1972 and another in 1973, but denied the remaining convictions were his. When the State requested the maximum guidelines sentence based upon the prior convictions, defense counsel argued that if the trial court was disinclined to honor the terms of the original plea agreement, Hines must, as a matter of due process, be permitted to withdraw his plea. The trial judge, indicating he did not feel bound by the terms of the original agreement due to Hines’ misrepresentations and lengthy evasion from prosecution, denied this renewed motion to withdraw the plea, and sentenced Hines to five years on each of the three counts, to run consecutively, for a total of fifteen years’ imprisonment.
This case is controlled by the decision in Coleman v. State, 433 So.2d 627 (Fla. 2d DCA 1983), which requires the court to permit even a fraudulent defendant to withdraw his plea if it determines not to follow the plea bargain. See McCollun v. State, 586 So.2d 490 (Fla. 1st DCA 1991); Johnson v. State, 547 So.2d 238 (Fla. 1st DCA 1989); and Ben v. State, 440 So.2d 501 (Fla. 2d DCA 1983). Reluctantly, we are constrained to reverse the judgment and sentences herein and remand with directions to afford Hines the opportunity to withdraw his plea. We empathize with the trial judge’s concern with the fraud perpetrated upon the trial court and reiterate the following alternatives suggested in Coleman for dealing with the problem of material misrepresentations made by a defendant and his counsel in a plea bargain situation: (1) the trial court may state, before the plea is formally tendered and accepted, that sentencing concessions will not be honored at sentencing if material misrepresentations later are found to have been made to induce those concessions; or (2) the trial court may require the defendant to testify under oath to the mitigating facts the court is relying on to justify its offer of leniency, and, if that testimony subsequently proves false, then perjury and/or other appropriate criminal charges may be brought against the defendant. Id. at 628.
Based upon this disposition, we do not address the remaining points raised by Hines on appeal.
REVERSED and REMANDED with directions.
BOOTH and BENTON, JJ., concur.