HARRIS, Judge,
concurring specially:
I agree that this appeal has such little merit that a PCA is appropriate. I write, however, because two points may be of interest.
First, Mr. Lewis pled the mantra relating to ineffective assistance of counsel. However, at the hearing, he was unable to point to any area of deficient practice. Indeed, his attorney provided most competent and professional representation. When questioned about the discrepancy between his pleadings and his proof, his response was that someone else had prepared his post-conviction motion and that he did not fully understand the nature of the allegations. Mr. Lewis, and others in his position, should realize that they cannot so easily disclaim pleadings that they have signed. At the very least, the urging of frivolous grounds will affect their credibility and may well contribute to an unsuccessful pursuit of even a meritorious claim.
Second, Mr. Lewis urges either that the court failed to honor the implied condition of his plea agreement or that the agreement was invalid because he did not fully understand the consequence of his plea. Mr. Lewis entered into a plea agreement with the State in which the State agreed not to seek habitualization. The court agreed to accept the plea and to sentence Mr. Lewis in the middle of the appropriate range. At sentencing, the State presented a scoresheet indicating a range of 17 to 22 years. Mr. Lewis disputed a portion of the PSI showing his prior record, and the State, instead of attempting to prove up his record, removed the disputed portions from consideration and presented a new scoresheet indicating a range from 12 to 17 years. When the court sentenced him to 14 years, Lewis’ only comment was that it was a long time for the offense to which he pled (a robbery that netted him only $30).
While Lewis does not dispute the fact that the court honored the express terms of the agreement, he contends that since his counsel indicated an expected range at the time of his plea and since he was sentenced to more, he should be permitted to withdraw his plea. His trial attorney testified at the hearing for post-conviction relief as follows:
A. It was an offer of middle of guidelines. At the time, we were unaware of what the guidelines were. We scored Mr. Lewis out, based on what he told me and what little information the State had at that point. (Emphasis added.)
At the time the plea was entered, Mr. Lewis’ attorney advised the court:
Mr. Lewis is a little concerned about where he would fall on the guidelines. Based on what he has told me, he is very likely to fall in the five to seven range possibly slightly higher. (Emphasis added.)
Mr. Lewis acknowledges that he did not reveal his entire criminal history to his attorney. He now cannot urge as a basis for withdrawing his plea a discrepancy in the recommended sentence range which was caused by his own lack of candor. Both Hines v. State, 639 So.2d 1113 (Fla. 1st DCA 1994), and Goldberg v. State, 536 So.2d 364 (Fla. 2d DCA 1988) (despite defendant’s misrepresentation of his record, if the trial court refuses to follow negotiated sentence agreement, the defendant should be permitted to *275 ■withdraw his plea) are inapplicable here. The court in our case did, in fact, honor the agreement and because it did, Mr. Lewis must honor it also.