CLARK, J.
In this appeal, Appellant claims the trial court erred in denying his motion to withdraw his plea. See Fla. R.Crim. P. 3.170(i). Appellant moved to withdraw his plea after sentencing. Therefore, he must show one of the grounds enumerated in Rule 9.140(b)(2) (A) (ii) (a)-(e) as well as a “manifest injustice.” Fla. R.App. P. 9.140(b)(2)(A)(ii)(b)-(c); Griffin v. State, 114 So.3d 890, 897 (Fla.2013). We review the trial court’s denial for abuse of discretion. Griffin, 114 So.3d at 897. We find the present circumstances constitute a manifest injustice and reverse the trial court’s denial.
Appellant’s plea form stated he was reserving the right to appeal the court’s pre-trial ruling he was competent to stand trial. However, his trial counsel was manifestly incorrect that Appellant could do so-this is not a dispositive ruling subject to reservation. During the plea colloquy, the court confirmed, “you are reserving your right to appeal the [cjourt’s pretrial ruling.” Consequently, counsel included a clause in a binding agreement, Appellant signed an agreement with that clause, and the trial court confirmed the clause’s existence and accepted the agreement which included it. The clause, however, was patently erroneous.
Plea bargains are contracts and are subject to the rules of contract law. Kingry v. State, 28 So.3d 173, 174 (Fla. 1st DCA 2010). Appellant was thus entitled to rely upon the written agreement, his counsel, and the court’s confirmation. See Carlisle v. State, 687 So.2d 929, 930 (Fla. 4th DCA 1997) (holding trial court reversibly erred in not permitting appellant to withdraw his plea where court erroneously stated appellant could appeal; motion was, in fact, not dispositive and “appellant was entitled to rely on the court’s statement”); see also State v. Cowart, 761 So.2d 1100, 1100-01 (Fla.2000) (reversing with instructions to permit defendant to withdraw his plea where trial court erroneously indicated defendant could not be sentenced pursuant to the Prison Releasee Reoffender Punishment Act). “When a negotiated plea agreement cannot be honored by the trial judge, the defendant may withdraw his plea and the trial court has an affirmative duty to so advise him.” Johnson v. State, 547 So.2d 238, 239 (Fla. 1st DCA 1989) (citing Goldberg v. State, 536 So.2d 364, 365 (Fla. 2d DCA 1988)).
While the dissent addresses Appellant’s possible subjective expectations or intentions in the addition of the erroneous reservation, these are of no import against a valid, written agreement. See Gendzier *448 v. Bielecki, 97 So.2d 604, 608 (Fla.1957) (“The writing itself is the evidence of what [the parties] meant or intended by signing it. The test of the meaning and intention of the parties is the content of the written document.”); Bowen v. Taylor-Christensen, 98 So.3d 136, 140-41 (Fla. 5th DCA 2012) (“[Contracts are formed by objective acts, not subjective beliefs.”).
Therefore, when the court confirmed and accepted the agreement with an erroneous reservation as a part, it could not honor that agreement and Appellant was entitled to withdraw his plea. The trial court consequently abused its
discretion and should have permitted Appellant to withdraw his plea. We REVERSE.
SWANSON, J., concurs.