WOLF, J.,
Dissenting.
I would reverse the denial of the motion to withdraw the plea. Appellant argues that he was misadvised by his counsel and the court concerning the total amount of jail credit he would receive. I agree. At the time appellant entered his admission of violation of probation, he was advised he would receive 292 days’ credit for time served. Appellant was entitled to rely on *254 representations made in the admission form presented to the court and oral representations made in court at the time the plea was entered that he would receive this total amount of credit.[1] Failure to honor these representations constitutes a manifest injustice and requires reversal.
Appellant submitted a petition to enter a plea of admission to violating probation. The admission form presented to the court at the time contained the following provision: .
18. The State and the Defendant stipulate and .agree that the Defendant is entitled to credit for time I have already served in this/these case(s) as follows: 292 days DOJ. I agree that if the Judge gives me credit for time served as stipulated, and if the Department of Corrections likewise gives me credit for time served as stipulated, I waive/give up the right to complain or appeal concerning credit for time served.
(Emphasis added).
If the State was not stipulating to this amount' of jail credit, it was incumbent upon the prosecutor to notify the court of this fact. In addition, during the entry of the plea, the following exchange occurred:
DEFENSE COUNSEL: And-you understand also that the maximum you face here on your three misdemeanor counts that you pled to originally, would be three years in the county jail.
DEFENDANT: (No audible response from defendant.)
DEFENSE COUNSEL: With credit for 292 days that you’ve done.
DEFENDANT: How many?
DEFENSE COUNSEL: Two ninety-two.
DEFENDANT: Yes, sir.
DEFENSE COUNSEL: You understand that’s the worst case scenario today.
DEFENDANT: Yes, sir.
Neither the prosecutor nor the court corrected defense counsel or indicated that appellant could not rely on this representation.[2]
While one may argue that the proceeding involved an open admission to the court and did not involve a negotiated agreement, the form submitted to the court stated that the State stipulated and agreed to 292 days of jail credit. The failure of both the court and the' State to *255 contradict defense counsel’s representations would lead any reasonable person to understand that there was an agreement at least as to this issue. When appellant was sentenced, he received 69 days’ credit for each of three counts for a total of 207 days.
The failure of the State and the court to honor the agreement constituted a manifest injustice. Even though there was only 85 days’ difference between the credit agreed to in the admission form and the credit awarded, when a plea bargain is not honored, a defendant should be allowed to withdraw his plea. See Green v. State, 700 So.2d 384, 387-88 (Fla. 1st DCA 1997) (reversing and remanding for the trial court either to strike a $1,500 fine that was not noted in Green’s plea agreement or to allow Green the opportunity to withdraw his plea). Requiring a defendant to serve more time than contemplated by the plea agreement constitutes a manifest injustice. See generally Motes v. State, 129 So.3d 446, 447 (Fla. 1st DCA 2013) (finding manifest injustice where Motes’s plea form allowed him to reserve the right to appeal a pre-trial ruling that he was competent to stand trial, but where the law did not allow for such a challenge, holding that “ ‘[w]hen a negotiated plea, agreement cannot be honored by the trial judge, the defendant may withdraw his plea and the trial court has an affirmative duty to so advise him.’ ” (quoting Johnson v. State, 547 So.2d 238, 239 (Fla. 1st DCA 1989))); Griffin v. State, 899 So.2d 514 (Fla.2d DCA 2005) (finding a manifest injustice had occurred when Griffin entered his pleas based on the understanding that he would receive suspended sentences of drug offender probation, but through no fault of his own, he was subsequently sentenced to 42.825 months in prison); Demartine v. State, 647 So.2d 900, 902 (Fla. 4th DCA 1994) (“The supreme court applied the following guidelines from the standard in determining whether a manifest injustice had occurred: ... (3) defendant pled involuntarily, without knowledge of the charge, or without knowing the sentence received could be imposed; (4) the defendant did not receive the charge or sentence concessions contemplated by the plea agreement — ”).
For the reasons stated, I would reverse the circuit court’s order denying appellant’s amended motion to withdraw his plea.

. While arguably the motion to withdraw the plea did not raise the precise argument made before this court, it does sufficiently raise the argument that appellant was misadvised by counsel that he would receive 292 days' jail credit as to each charge. While the focus was on whether credit should be applied as to each charge, the trial court was alerted that appellant felt that 292 days was the appropriate number. I would thus find the issue is preserved. See Harrell v. State, 894 So.2d 935, 940 (Fla.2005) (“The purpose of [the preservátion] rule is to 'placet ] the trial judge on notice that error may have been committed _’ ” (quoting Castor v. State, 365 So.2d 701, 703 (Fla.1978))).

. After the trial court determined appellant had freely, knowingly, and voluntarily entered his admission to violation of probation, the State requested more time to research the issue of whether appellant could be sentenced to consecutive terms of incarceration, The trial court noted again, "the max I can do is 364 minus 292, unless there’s some case law or statute I'm unaware of,” but allowed the State the time to research this issue, re-setting the case for disposition the next week (though the trial court signed the admission form that day). During the later disposition proceedings, the State for the first time argued that appellant should only be given’ 69 days’ jail credit because that was the amount of time he had spent in jail on the violation charges. The trial court ran the sentences consecutively, giving appellant 69 days’ jail credit on each of the 3 counts, but did not give appellant the opportunity to withdraw his admission on this basis.